## Judith Hyatt *v.* Zoning Board of Appeals of the Town of Norwalk et al.

House, C. J., Ryan, Shapiro, Loiselle and MacDonald, Js.

Argued June 6—decided July 12, 1972

*Robert A. Slavitt,* with whom, on the brief, was *Abraham D. Slavitt,* for the appellants (defendant Lawrence J. Mola et al.).

*Jules Lang,* with whom, on the brief, were *Melvin J. Silverman* and *George J. Lepofsky,* for the appellee (plaintiff).

HOUSE, C. J. This is an appeal by the defendants from a judgment of the Court of Common Pleas sustaining the plaintiff's appeal from the granting of a variance by the zoning board of appeals of the town of Norwalk. A review of the record indicates that on May 27, 1969, the defendants, Lawrence J. Mola and Ida R. Mola, hereinafter called the defendants, applied to the defendant board for a variance of the building zone regulations of the town of Norwalk in order to erect a new store building, 32′ x 24′, as an addition to their existing 45′ x 24′ retail grocery store and delicatessen located on the westerly side of Newtown Avenue in Norwalk. The defendant board, after a public hearing, granted the application stating "the present building is an eyesore to the area, and . . . the proposed black topping of the parking area will help the flow of traffic and will tend to keep parking off the street."

From the granting of the variance, the plaintiff Judith Hyatt appealed to the Court of Common Pleas. The court, after hearing evidence on the issue of aggrievement, made a limited finding and found the following facts: The plaintiff and the defendants are the owners of properties in an area zoned residence A and located, respectively, on the easterly and westerly sides of Newtown Avenue in Norwalk. The plaintiff's property is used by her as her residence. The property of the defendants is

used for a retail grocery store, which is a noncon-
forming use. The distance between the two prop-
erties, across Newtown Avenue, is about thirty to
thirty-five feet. The variance sought by the defend-
ants would permit the construction of an entirely
new store building to be used in addition to the pres-
ent store, which is a nonconforming use. This ex-
tension of the nonconforming use as permitted by
the variance would increase traffic, noise, congestion
and litter, and the effect of the granting of the vari-
ance would be to decrease the value of the plaintiff's
residence. The court concluded that the plaintiff is
an aggrieved person within the meaning of the stat-
ute and has a personal and property interest which
would be substantially and adversely affected by the
granting of the variance.

The defendants have made a wholesale attack on
the findings of the trial court, a practice which we
have repeatedly discountenanced. See *Branford
Sewer Authority* v. *Williams,* 159 Conn. 421, 424–25,
270 A.2d 546, and cases cited. We have examined
the record, exhibits and evidence in the appendices
to the briefs of the parties; these sources and infer-
ences reasonably drawn therefrom disclose ample
support for the court's limited finding. See *Schur-
gast* v. *Schumann,* 156 Conn. 471, 475, 242 A.2d 695;
Maltbie, Conn. App. Proc. § 156. It is not subject to
any material correction, and the additions to that
finding sought by the defendants would not affect
the decisive conclusions reached by the court.

We find no merit to the defendants' claim that the
court erred in rendering judgment for the plaintiff
"in that there is no conclusion reached by the Court
that the action of the Zoning Board of Appeals was
erroneous." The parties were at issue on the plain-
tiff's allegation that in granting the variance the de-

fendant board acted illegally, arbitrarily and in abuse of the discretion vested in it. The court's memorandum of decision discloses that the appeal was sustained not only because the variance was not in harmony with the general purpose and intent of the zoning regulations but also because in granting the variance the board acted illegally and arbitrarily and the judgment sustained the appeal on the express findings that the plaintiff was an aggrieved person and that the issues were found for the plaintiff.

The board's decision to grant the variance was clearly illegal. The powers and duties of zoning boards of appeals are governed by § 8-6 of the General Statutes. In pertinent part, the statute provides: "The zoning board of appeals shall have the following powers and duties: . . . (3) to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured."

The statute clearly directs the board to consider only conditions, difficulty or unusual hardship peculiar to the parcel of land which is the subject of the application for a variance. The situation of any particular owner is irrelevant. "The maximum possible enrichment of a particular landowner is not a controlling purpose of zoning . . . . The same may be said of the maximum possible enhancement of the

value of a piece of property." *DeForest & Hotchkiss Co.* v. *Planning & Zoning Commission,* 152 Conn. 262, 272, 205 A.2d 774. "The highest and best use of any particular parcel is not a controlling purpose of zoning, nor is the maximum possible enrichment of a particular landowner." *Damick* v. *Planning & Zoning Commission,* 158 Conn. 78, 83, 256 A.2d 428. In an analogous situation regarding an application for a variance to permit the sale of beer, this court said: "The board did not find that there was any practical difficulty besetting Food Basket. It found only that without a beer permit Food Basket would be at a disadvantage in competing with other supermarkets in the area. This is no more than a finding that Food Basket would sustain an economic loss in the amount of business it would do. We have repeatedly held that financial loss or hardship is not sufficient reason for granting a variance." *Forbes* v. *Zoning Board of Appeals,* 146 Conn. 547, 550, 153 A.2d 458; see also *Garibaldi* v. *Zoning Board of Appeals,* 163 Conn. 235, 303 A.2d 743. In the case before us, there has been no showing whatever that any condition peculiar to the land of the defendants exists to justify the granting of a variance.

The trial court found further that the variance as granted would result in the extension of a nonconforming use, as it would allow the construction on the defendants' property of a new second store in a district zoned for residences. It is clear that even a change in the character of a business conducted on a parcel of land constitutes an extension of use. *Guilford* v. *Landon,* 146 Conn. 178, 183, 148 A.2d 551; *Salerni* v. *Scheuy,* 140 Conn. 566, 102 A.2d 528.

Only rarely may a zoning board of appeals grant a variance encompassing the extension of a nonconforming use. "It is a general principle in zoning

that nonconforming uses should be abolished or reduced to conformity as quickly as the fair interest of the parties will permit. In no case should they be allowed to increase." *Salerni* v. *Scheuy,* supra, 570. "[T]he accepted policy of zoning . . . is to prevent the extension of nonconforming uses." *Guilford* v. *Landon,* supra, 182; *Baccante* v. *Zoning Board of Appeals,* 153 Conn. 44, 47, 212 A.2d 411; *DeForest & Hotchkiss Co.* v. *Planning & Zoning Commission,* supra, 268; *Woodford* v. *Zoning Commission,* 147 Conn. 30, 33, 156 A.2d 470; *Beerwort* v. *Zoning Board of Appeals,* 144 Conn. 731, 733, 137 A.2d 756. The alteration or substantial remodeling of a building existing as a nonconforming use is logically inconsistent with the principle that "[a]n essential purpose of zoning regulations is the stabilization of property uses"; *Damick* v. *Planning & Zoning Commission,* supra, 84; fundamental structural improvements will serve only to perpetuate the nonconforming use. The defendants claim that the Norwalk zoning regulations grant to the zoning board of appeals "broader powers in dealing with extensions of non-conforming uses, than in hearing appeals for variances generally" and that "the treatment of nonconforming uses under the Norwalk regulations shows a departure from that general treatment of non-conforming uses described in *Damick* v. *Planning & Zoning Commission.*" Ibid. The regulations provide with respect to a nonconforming building that "[t]he cost of structural alterations made in such [a] building shall in no case exceed fifty per cent of its assessed value, nor shall the building be enlarged unless the use therein is changed to a conforming use." Norwalk Building Zone Regs. § 8 (c). The defendants rely, however, on another portion of the regulations, § 17, which purports to grant to

the zoning board of appeals authority to "vary the application of the regulations herein established, in harmony with their general purpose and intent, as follows: (3) Permit the extension of a non-conforming use or building upon the lot occupied by such use or building at the time of the passage of these regulations. (4) Permit the erection of an additional building upon a lot occupied at the time of the passage of these regulations by a business or industrial establishment where carrying out the strict letter of the provisions would result in practical difficulties or unnecessary hardships."

In *Fiorilla* v. *Zoning Board of Appeals,* 144 Conn. 275, 281, 129 A.2d 619, this court noted that the Norwalk ordinance "extends to nonconforming uses a greater liberality than has previously come to our attention" and that "[b]ecause nonconformity and zoning thwart each other, the Norwalk ordinance sets up a system with a weakness." In the *Fiorilla* case, supra, 280, the court concluded that because the subject land was shaped like a meat cleaver the zoning board of appeals could reasonably have concluded that the necessary hardship existed because of the peculiar topography and location of the land which made it unsuitable for the use permitted in the zone in which it lay. It also concluded (p. 281) that it was "unable to say that the variance in question was not in harmony with the general purpose and intent of the regulations." As we have noted, the trial court in the present case concluded not only that the variance was not in harmony with the general purpose and intent of the zoning regulations but also that the only claim of hardship was a financial one. The question of the validity of the Norwalk regulation on which the defendants rely was not briefed and argued in the present case and we do

not decide that question but even assuming its validity the decision of the zoning board of appeals cannot be sustained. It would be a strange perversion of any proper concept of zoning to hold that on permitting a building which is a nonconforming use to become an eyesore the owner may become entitled to a variance on the ground that the existence of the eyesore constitutes a hardship which would justify permitting him to build an additional nonconforming-use building on the same property.

The defendants assign as error the admission of opinion evidence offered by the plaintiff. This contention is wholly without merit. "The decision of a trial judge in admitting a witness to testify as an expert will not be reviewed, unless it is clearly shown to have been based on incompetent or insufficient evidence." *Oborski* v. *New Haven Gas Co.,* 151 Conn. 274, 280, 197 A.2d 73. "The determination of the qualifications of an expert witness lies in the discretion of the trial court." *State* v. *Smith,* 157 Conn. 351, 356, 254 A.2d 447. Here, evidence showing the qualifications of the witness was properly introduced and the defendants were free by cross-examination to attack the weight and credibility to be accorded his testimony. *State* v. *Vennard,* 159 Conn. 385, 394, 270 A.2d 837, cert. denied, 400 U.S. 1011, 91 S. Ct. 576, 27 L. Ed. 2d 625.

While it is clear that on the facts the zoning board of appeals could not properly grant the variance sought by the defendants for the proposed extension of their nonconforming use, it is also evident from a close examination of the record that the trial court would also have been warranted in sustaining the appeal on an additional ground. In *Akin* v. *Norwalk,* 163 Conn. 68, 73–74, 301 A.2d 258, a recent

appeal from the approval of a subdivision by the common council of the town of Norwalk, we held that the time limitation imposed by § 8-28 of the General Statutes for the publication of decisions of a planning commission was a mandatory requirement and that the failure of a municipal body charged with a planning function to conform to the requirement rendered its decision invalid.

While our holding in the *Akin* case was limited to appeals from planning commissions pursuant to § 8-28, its reasoning and analysis are equally applicable to appeals from zoning boards of appeals under §§ 8-7 and 8-8. Section 8-7 states: "Notice of the decision of the . . . [zoning board of appeals] shall be published in a newspaper . . . within ten days after such decision has been rendered." Section 8-8 specifies that a person aggrieved by the decision of the board "may, within fifteen days from the date when the notice of such decision was published in a newspaper pursuant to the provisions of section . . . 8-7 . . . take an appeal to the court of common pleas." A comparison of the language of these sections with § 8-28 clearly indicates that both provisions employ identical terms making publication within ten days of the decision of either municipal body mandatory as opposed to permissive. The requirement of timely publication contained in § 8-7 as well as § 8-28 is "a matter of substance and of the essence of the thing to be accomplished, not a matter of mere procedure or convenience." *Akin* v. *Norwalk,* supra, 74. The record indicates that the zoning board of appeals here granted the variance sought by the defendant on September 25, 1969, but did not make public its decision until October 6, 1969, after the period for timely publication had expired. In her complaint the plaintiff expressly pleaded as a

ground for the illegality of the board's action that "the requisite legal notice of the hearing and decision was not given." The claim was also asserted in the plaintiff's brief on this appeal. The trial court could properly have sustained the appeal on the alternate ground that the zoning board of appeals of the town of Norwalk had not complied with the procedural requirements of § 8-7. Since our decision in the *Akin* case was not published until after the judgment sustaining the appeal had been rendered, the trial court's examination of the merits of the appeal was not unwarranted. It correctly determined that, on the merits, the granting of the variance was improper.

There is no error.

In this opinion the other judges concurred.