[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ISSUE
Does the record support the ZBA's decision to grant a variance from the requirement that at least 1,500 feet separate full service liquor establishments? CT Page 8740
The ZBA failed to timely publish notice of its decision and, therefore, the decision granting the variance is null and void. The court lacks subject matter jurisdiction and sustains the appeal.
FACTS
On October 9, 1990, Claudio Conte, lessee of Conte's Restaurant in Bridgeport, applied to the Zoning Board of Appeals ("ZBA") of the City of Bridgeport for a variance. (ROR B.) The variance application requested permission to sell and serve alcoholic beverages, other than just beer and wine, to his restaurant patrons. (ROR B.) The applicable zoning regulation forbids existing "Limited Restaurant Permit" holders to sell alcoholic beverages other than beer and wine if a full service "Liquor Restaurant Permit" establishment already exists within 1,500 feet of the applicant's premises. (ROR H.) On November 19, 1990, after a two day hearing, the ZBA granted the variance in a four to one decision. (Id.; ROR A, p. 8.) Notice of the decision was published on February 10, 1991. (ROR H.)
Plaintiff Mario Testa, who owns and operates a restaurant in Bridgeport, appeals the ZBA's decision on the ground that it is not supported by the record because the only evidence of hardship that the plaintiff presented was financial disadvantage. The defendants are: the ZBA, Conte, Bridgeport's Town Clerk, Bridgeport's City Clerk, and Robert Davis and Jordan Lustig, owners of the subject property. All of the defendants were served on December 4, 1990. The plaintiff filed his brief on April 15, 1991, and the ZBA filed its brief on August 30, 1991. The court, Karazin, J., held a hearing on October 8, 1991 and October 21, 1991. The nonappearing defendants are hereby defaulted for nonappearance at trial.
TIMELINESS
The plaintiff appeals pursuant to Connecticut General Statutes 8-8 (1989, as amended by Public Act No. 90-286), which provides: "[a]ny person . . . aggrieved by any decision of said board . . . may . . . take an appeal to the superior court." Section 8-7 of Connecticut General Statutes provides, "[n]otice of the decision of the board shall be published in a newspaper having a substantial circulation in the municipality . . . within fifteen days after such decision has been rendered." A party appealing a decision of the ZBA must serve process upon the defendants within 15 days after notice of the decision is published. Connecticut General Statutes 8-8 (b) (1989, as amended byPublic Act No. 90-286). CT Page 8741
"Failure to publish a notice of decision within the applicable time constraints renders the decision of a zoning commission void." Cardoza v. Zoning Commission, 211 Conn. 78,81-82, 557 A.2d 545 (1989) (citing Hyatt v. Zoning Board of ruling sustained on alternate ground that ZBA decision void because publication of notice of decision untimely). See also Akin v. Norwalk, 163 Conn. 68, 72, 301 A.2d 258 (1972) (common council decision ruled null and void because council failed to comply with ten day publication deadline).
"Although [timeliness] was not raised by the parties, the court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear." Sasso v. Aleshin,197 Conn. 87, 89, 495 A.2d 1063 (1985).
In this case, the ZBA rendered its decision on November 19, 1990. (ROR H; ROR A, p. 8.) Notice of its decision was published in the Bridgeport Post on February 10, 1991, (ROR H), although the transcript of the ZBA hearing states that notice of the decision was published on November 25, 1990. (ROR A, p. 1.)
The "Certificate of Publication," which dates the notice on February 10, 1991, is a more reliable and credible determinant of the date of publication than the unsigned (although certified) transcript of the hearing. Further, after the hearing on October 21, 1991, it was clear that through error the decision was not published until February 10, 1991. The publication of the notice of the decision occurred almost three months after the ZBA rendered its decision. The ZBA's decision granting the variance is null and void.
Accordingly, the appeal is sustained for lack of adequate legal notice.
EDWARD R. KARAZIN, JR., JUDGE.