[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case is an administrative appeal from the Wilton Zoning Board of Appeal's (ZBA) denial of plaintiff's appeal from a cease and desist order issued by the Zoning Enforcement Officer. The plaintiffs are Kevin and Moira Craw and Craw 
DiMarco Veterinarians, P.C. (PC). The defendants are, among others, Philip and Kim Asmundson, abutting landowners to the subject property, the Zoning Enforcement Officer and the ZBA. The controversy stems from complaints by neighbors alleging an increase in the noise generated by the dogs which are temporarily housed on the property owned by Kevin and Moira Craw and leased to the PC. A cease and desist order was issued on September 3, 1991, preventing any enlargement or extension of the previously existing business of the PC. See, Plaintiffs' Appeal to the Superior Court, Filed January 29, 1992, Exhibit B. The Zoning Enforcement Officer concluded that the use of the property was in violation of 29-64 and 29-26 of the Wilton Zoning Regulations. CT Page 6497-N See, Plaintiffs' Appeal, supra.
After the cease and desist order had been issued, plaintiff PC filed an appeal to the ZBA on September 20, 1991. ROR, 2. After the original hearing was rescheduled, timely notice was published in The Wilton Bulletin that plaintiff's appeal would be heard at the December 9, 1991, public hearing. ROR, 5; General Statutes 87.
At the December ninth hearing, the ZBA heard testimony and accepted evidence into the record regarding the alleged zoning violations which resulted in the issuance of the cease and desist order. Upon conclusion of the public hearing, the "regular meeting" was held where the ZBA denied plaintiff's appeal by a margin of three votes to two. ROR, 12. No proof of publication nor certificate of mailing of the ZBA decision of December ninth appears in the Return of Record. The decision was never published nor addressed by certified mail as required by General Statutes 87. ROR, 30.
On January 13, 1992, the ZBA revisited the appeal. Although the appeal was not scheduled to be heard at the public hearing, and no new evidence was considered, the ZBA addressed the appeal at CT Page 6497-O the "regular meeting: on the thirteenth." ROR, 28, 30. At the meeting, the ZBA's chairman confirmed that the ZBA had denied the appeal at the December ninth meeting. ROR, 30. However, the chairman believed that the decision of December ninth should have been made more clear. ROR, 30. The chairman claimed that the legal notice of decision was withheld so that the ZBA could clear up the matter. ROR, 30. A new motion was passed by a four to one vote upholding the cease and desist order insofar as it "prohibits the enlargement or extension of the existing business as it existed on January 20, 1989." ROR, 30. Notice of the decision was published on January 15, 1992. ROR, 29.
Plaintiffs, in their brief, claim that the failure to publish invalidates the ZBA's action denying their appeal. Philip and Kim Asmundson, in their brief, claim that no final decision was ever reached at the December meeting and the ZBA waited until a more complete consideration of the issue could be made before issuing a "final decision" on January 13, 1992. The Asmundsons further claim that the notice of the decision rendered in January was published according to statute and, therefore, the ZBA's denial of the appeal is valid. The ZBA would like the case remanded. See Statement CT Page 6497-P of Position, Filed October 26, 1992.
"Notice of the decision of the [zoning] board shall be published in a newspaper having a substantial circulation in the municipality and addressed by certified mail to any person who appeals to the board, . . . within fifteen days after such decision has been rendered." General Statutes 8-7. The specific statutory requirements for notice in 8-7 is mandatory as opposed to permissive." Hyatt v. Zoning Board of Appeals, 163 Conn. 379, 387, 311 A.2d 77
(1972). "Failure to publish a notice of decision within the applicable time constraints renders the decision . . . void." Cardoza v. Zoning Comm'n., 211 Conn. 78, 81, 557 A.2d 545 (1989); see also Hyatt, supra, (ZBA's failure to publish legal notice of decision as required by 8-7 was a sufficient ground for finding the decision void); Testa v. Zoning Board of Appeals, 6 CSCR 1044 (October 28, 1991, Karazin, J.) (when publication of a decision of a zoning board of appeals fails to conform to the requirements of 8-7, such decision is null and void).
"The requirement of timely publication contained in 7 . . . `is a matter of substance and of the essence of the things to CT Page 6497-R be accomplished, not a matter of mere procedure of convenience.'" Hyatt, supra, 387, quoting Akin v. Norwalk, 163 Conn. 68,74, 301 A.2d 258 (1972). The policy behind demanding strict compliance with the publication requirement is to ensure that interested parties receive reasonable notice of an administrative agency decision as well as to commence the appeal process. See Hyatt, supra; Akin, supra; General Statutes 8-8. "[A]ny person aggrieved by any decision of a board may take appeal to the superior court . . . within fifteen days from the date that notice of the decision was published as required by the General Statutes." General Statutes 8-8(2)(b)4.
It is clear from the record that the ZBA, after the public hearing was complete, voted to deny the appeal on December ninth. ROR, 12. There is no evidence in the record with regard to the December ninth meeting which would lead to the conclusion that the denial of the appeal was anything less than final. Therefore, notice of that decision was required to be given according to 7. The requisite notice was not given and, therefore, the decision rendered by the ZBA on December 9, 1991, is null and void. CT Page 6497-S
Dean, J.