[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S ZONING APPEAL
I
 NATURE OF THE PROCEEDINGS
The plaintiff, Barry Mucci, appeals pursuant to General Statutes § 8-8 from an adverse decision of the defendant, the Zoning Board of Appeals of the City of Shelton ("Board"), denying the plaintiff's appeal from a refusal by a zoning enforcement officer of the City of Shelton to issue a certificate of zoning compliance. Pursuant to General Statutes §§ 8-6 (a)(1) and8-7, the plaintiff exercised his right to appeal to the Board from the adverse decision of the zoning enforcement officer and CT Page 3324 requested a certificate of approval from the Board. The plaintiff was seeking a certificate of zoning compliance from the zoning enforcement officer in order to build an enclosure over an already existing concrete patio. The proposed enclosure would consist of a roof and glass walls.
 II BACKGROUND
On or about February 28, 1995, the plaintiff, Barry Mucci, made a request of the City of Shelton's zoning enforcement officer to issue a certificate of zoning compliance in order to erect an enclosed permanent structure on an already existing concrete patio. (Second Amended Appeal, labelled "Amended Complaint," filed October 5, 1995, First Count, ¶ 11.) The plaintiff was acting as an agent of Zuckerman Property Enterprises, Limited Partnership, owner of 745 River Road, Shelton, Connecticut, otherwise known as the Pinecrest Country Club. (Return of Record [ROR], Item A, p. 405: Transcript/Minutes of Meeting 3/95; ROR, Item C, p. 2: Appeal to Board.) The Pinecrest Country Club is a commercial use located in a residential zone, an R-1 zone, and is a prior nonconforming use. (ROR, Item A, p. 406; ROR, Item C, p. 2.) On the premises is a concrete patio which has been used over the years for providing restaurant, banquet, outing and entertainment services. (Second Amended Appeal, labelled "Amended Complaint," First Count, 9.)(ROR, Item A, pp. 406, 410-411.) The plaintiff was acting as agent for the Pinecrest Country Club; he was hired by the Pinecrest Country Club to enclose the concrete patio with a roof and glass walls. (ROR, Item A, p. 405.) The zoning enforcement officer refused to issue a certificate of zoning compliance because he believed the proposed use was not in compliance with the Shelton zoning regulations. (Second Amended Appeal, First Count, ¶¶ 11, 12.)
By application dated February 28, 1995, the plaintiff appealed to the Board regarding the zoning enforcement officer's denial of the issuance of a certificate of zoning compliance. (ROR, Item C, p. 2.) In March, 1995, a public hearing was commenced with respect to the appeal, and the hearing was continued on April 18, 1995. (ROR, Item A; ROR, Item B: Transcript/Minutes of 4/18/95 Hearing.)
In its published legal notice of the public hearing to be CT Page 3325 held, the Board characterized the matter as an application for a "certificate of approval." (ROR, Item D, p. 2: Published Legal Notice; ROR, Item D, p. 3: Published Legal Notice.) By decision dated April 18, 1995, the Board denied the plaintiff's appeal, effectively affirming the actions of the zoning enforcement officer.[1] (ROR, Item D: Published Legal Notice of Decision; ROR, Item B, p. 441: Transcript of 4/18/95 Hearing; ROR, Item E.: Correspondence of 4/21/95 to Barry Mucci.)
On May 9, 1995, the plaintiff commenced this appeal of the Board's decision. Subsequently, the plaintiff filed an "Amended Complaint" on September 18, 1995. On October 5, 1995, the plaintiff filed a second "Amended Complaint" (hereinafter "Second Amended Appeal"). On August 14, 1995, the Board filed the return of record. On December 11, 1995, the defendant Board filed an answer to the plaintiff's second "Amended Complaint."
On October 20, 1995, the plaintiff filed his memorandum of law. The defendant Board filed its memorandum of law on November 20, 1995. A hearing was held before the court, Sylvester, J., on January 17, 1996.
 III JURISDICTION
General Statutes § 8-8 governs appeals taken from the decisions of a local planning and zoning commission to the Superior Court. In order to take advantage of a statutory right of appeal, parties must comply strictly with the statutory provisions that create such a right. Simko v. Zoning Board ofAppeals, 206 Conn. 374, 377, 538 A.2d 202 (1988). The statutory provisions are mandatory and jurisdictional in nature, and failure to comply will result in dismissal of the appeal. Id., 377.
 A. Aggrievement
An aggrieved person "is a person who is aggrieved by the decision of a board. . . ." General Statutes § 8-8 (a)(1). A "board" is defined as "a municipal zoning commission, planning commission, combined planning and zoning commission, zoning board of appeals or other board or commission. . . ." General Statutes CT Page 3326 § 8-8 (a)(2). General Statutes § 8-8 (a)(1) defines an aggrieved person to include "any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of-the board."
Aggrievement is a jurisdictional matter and it is a prerequisite to maintaining an appeal. Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 307,592 A.2d 953 (1991). The plaintiff alleges that he "is aggrieved by the Board's decision, in that he is the unsuccessful applicant and the agent for the owner of the property involved in the Application to the Board." (Second Amended Appeal, First Count, ¶ 15.) As the agent of the owner of the property that is the subject of this appeal, the court finds that the plaintiff is aggrieved by the adverse decision of the Board. Winchester WoodsAssociates v. Planning Zoning Commission, supra, 219 Conn. 308.
 B Timeliness
General Statutes § 8-8 (b) provides that an appeal must commenced within fifteen days from the date that the notice of the decision was published. The Commission's decision of April 18, 1995, was published on April 25, 1995, in the Connecticut Post. (ROR, Item D.) On April 21, 1995, notice of the decision was sent to the plaintiff by certified mail, return receipt requested. (ROR, Item E.) This appeal was commenced on May 9, 1995, by service of process on the City Clerk and the Chairman of the Board. (Sheriff's Return, May 11, 1995.) Therefore, the appeal was commenced in a timely manner.
 IV SCOPE OF REVIEW
A zoning board of appeals conducts a de novo hearing on an appeal from an action of a zoning enforcement officer. Caserta v.Zoning Board of Appeals, 226 Conn. 80, 88-89, 626 A.2d 744
(1993). "It is the board's responsibility, pursuant to the statutorily required hearing, to find the facts and to apply the pertinent zoning regulations to those facts." (Citations omitted.) Id., 90. "In applying the facts of a particular case, the board is endowed with a liberal discretion, and its decision will not be disturbed unless it is found to be unreasonable, CT Page 3327 arbitrary or illegal." Spero v. Board of Appeals, 217 Conn. 435,440, 586 A.2d 590 (1991). "In reviewing an appeal from an administrative agency, the trial court must determine whether the agency has acted unreasonably, arbitrarily, illegally or in an abuse of its discretion. . . ." (Citations omitted; internal quotation marks omitted.) Smith v. Zoning Board of Appeals,227 Conn. 71, 80, 629 A.2d 1089 (1993), cert. denied, 114 S.Ct. 1190
(1993). "The burden of proof is on the plaintiff to demonstrate that the [board] acted improperly." Spero v. Board of Appeals,217 Conn. 435, 440, 586 A.2d 590 (1991). "[W]here a zoning [board of appeals] has formally stated the reasons for its decision, the court should not go behind that official collective statement of the [board]." (Alterations in original.) West Hartford InterfaithCoalition. Inc. v. Town Council, 228 Conn. 498, 514,636 A.2d 1342 (1994). "The reviewing court ought only to determine whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . . of course, where there is a failure to comply with the obligation to state reasons, the action is not deemed void but the court must search the record to see whether the board was justified in its decision." Id., 515.
 V ARGUMENTS
The plaintiff alleges that "[i]n denying the plaintiff's Application and appeal from the decision of the zoning enforcement officer, the defendant acted illegally, arbitrarily in an abuse of discretion vested in it by law as an administrative agency; improperly applied the provisions of the Shelton Zoning Regulations, the Connecticut General Statutes, the Connecticut Law of Zoning and failed to find the facts which support the plaintiff's claim. . . ." (Second Amended Appeal, First Count, ¶ 16.) In particular, the plaintiff argues that enclosing the already existing concrete patio is a permitted "intensification" of a nonconforming use and not a prohibited "enlargement." (Plaintiff's Memorandum of Law, pp. 2-4.) In addition, the plaintiff argues that the Shelton Zoning Regulations permit the proposed construction. (Plaintiff's Memorandum of Law, pp. 5-6.)
The defendant Board counters that the enclosing of the already existing concrete patio is a prohibited "enlargement" of CT Page 3328 a nonconforming use and not merely an "intensification." (Defendant's Memorandum of Law, pp. 9-12.) In addition, the Board argues that the Shelton Zoning Regulations do not permit "the construction of a new building over an existing patio. . . ." (Defendant's Memorandum of Law, pp. 9-10.) The defendant also addresses an argument concerning variances, but the defendant correctly states that the plaintiff did not address such an argument in his memorandum of law.[2]
 VI DISCUSSION
The sole dispositive issue in this appeal is whether the plaintiff's proposed construction of a new building over an already existing concrete patio constitutes a prohibited "enlargement" of a nonconforming use under the Shelton Zoning Regulations and Connecticut land use case law, or whether the proposed construction is a permissible "intensification." The court is aware that these labels beg the question. "Courts in all states have held that a prohibition on "extension" [enlargement] will not prohibit "intensification" of a use. . . . The issue of whether the new use or structure is a prohibited extension of the established nonconformity, or simply an intensification of that established use or structure, has involved the Court in a series of highly factual, individualized decisions." T. Tondro, Connecticut Land Use Regulation (2d Ed. 1992) pp. 158-59. "Labelling an expanded scope of a nonconformity an intensification rather than an extension is one way a court can avoid applying the judicially established policy restricting the extension of nonconformities." T. Tondro, supra, p. 162. This court must review the findings of the Board to see whether the findings of the board are supported by substantial evidence.Zachs v. Zoning Board of Appeals, supra, 329-30, 332.
"[A] nonconforming use is merely an existing use established prior to zoning regulations the continuance of which is authorized by statute or by the zoning regulations. . . . The right to continue nonconforming uses is protected by statute. [General Statutes] § 8-2 provides in part that zoning `regulations shall not prohibit the continuance of any nonconforming use, building or structure existing at the time of the adoption of such regulations.' Nonconforming uses are protected by the statute even though there is no exemption or provision for them in the zoning regulations." R. Fuller, 9 CT Page 3329 Connecticut Practice Series: Land Use Law and Practice (1993) § 52.2, p. 841; see also Shelton Zoning Regs. § 41.1 (protecting preexisting nonconforming uses).
"It is a general principle in zoning that nonconforming uses should be abolished or reduced to conformity as quickly as the fair interest of the parties will permit. In no case should they be allowed to increase." (Citations omitted; internal quotation marks omitted.) Connecticut Resources Recovery Auth. v. Planning Zoning Commission, 225 Conn. 731, 740, 626 A.2d 705 (1993). "The party claiming the benefit of a nonconforming use bears the burden of proving that the nonconforming use is valid. The legality of an extension of a nonconforming use is essentially a question of fact." (Citations omitted; internal quotation marks omitted.) Id.
In this case, the Board did not state reasons for the denial of the plaintiff's appeal, but only voted to deny the "application." (ROR, Item B, p. 441.) "[W]here there is a failure to comply with the obligation to state reasons, the action is not deemed void but the court must search the record to see whether the board was justified in its decision." West HartfordInterfaith Coalition, Inc. v. Town Council, supra, 228 Conn. 515. In addition, a court can consider whether a Board made implicit findings when upholding the actions of a zoning enforcement officer. Zachs v. Zoning Board of Appeals, supra, 218 Conn. 329-331.
Upon searching the record as a whole, this court has determined that the evidence before the board substantially supports the decision of the Board to deny the plaintiff's appeal. Bloom v. Zoning Board of Appeals, 233 Conn. 198, 208-09,658 A.2d 559 (1995). The court finds that the reason for the denial of the plaintiff's appeal is implicitly grounded in the reason that the Board found that the zoning enforcement officer acted properly by not issuing a certificate of zoning compliance to the plaintiff because the proposed construction was a prohibited "enlargement" under the zoning regulations. Zachs v.Zoning Board of Appeals, 218 Conn. 324, 329-31, 589 A.2d 351
(1991). The Board had before it numerous indications that the proposed construction was not within the scope of the nonconforming use. Namely, the plaintiff was seeking to erect a new structure where none had existed before. (ROR, Item A, pp. 406-07.)
In Jobert v. Morant, 150 Conn. 584, 192 A.2d 553 (1963), the CT Page 3330 Connecticut Supreme court held that the trial court correctly concluded that the enclosing of a patio was an unauthorized extension of nonconforming use under the applicable zoning regulations. Id., 587. In Jobert, the Connecticut Supreme Court indicated that the "New Britain zoning ordinance prohibits the structural alteration, enlargement or rebuilding of any building or structure or part thereof devoted to a nonconforming use except by authorization. . . ." Id., 585.
"Enlargement of a building or structure which is nonconforming, or which houses a nonconforming use, is regarded by most courts as an extension or enlargement of use which is proscribed by regulations against extension or enlargement of nonconforming uses. . . . Unlawful extension of use has been detected where enlargement of a nonconforming would increase the amount or intensity of the violation, and where the enlargement would offend specific restrictions on enlargement of nonconforming buildings." (Emphasis added.) 1 R. Anderson, American Law of Zoning (3d Ed.) § 6.46, pp. 584-85. "The general rule is that the owner of a nonconformity can continue any use, and the use of any structure, that was established prior to the adoption of a restricting regulation, but neither use norstructure may be changed." (Emphasis added.) T. Tondro, supra, p. 157. "The construction or enlargement of a building accessory to a nonconforming use is an extension of such use. . . . Construction of a new building is usually regarded as a prohibited extension or enlargement of a nonconforming use." R. Anderson, supra, § 6.46, p. 585.
It is true that the Connecticut Supreme Court has enunciated a three prong fact-specific test for determining whether a nonconforming use has been impermissibly enlarged: "In deciding whether the current activity is within the scope of a nonconforming use consideration should be given to three factors: (1) the extent to which the current use reflects the nature and purpose of the original use; (2) any differences in the character, nature and kind of use involved; and (3) any substantial difference in effect upon the neighborhood resulting from differences in the activities conducted on the property." (Emphasis added.) Zachs v. Zoning Board of Appeals, supra,218 Conn. 332. The Zachs analysis, however, is inapposite to the situation in this case. That is, the Zachs factors are only helpful when an "activity" or "use" has arguably been "enlarged." See Zachs v. Zoning Board of Appeals, supra, 331-33 (whether increased use of radio tower had been illegally enlarged); CT Page 3331Connecticut Resources Recovery Auth. v. Planning ZoningCommission, supra, 225 Conn. 740-45 (whether use of solid waste disposal site was illegally enlarged). Here, the pertinent test is whether enlargement of a building or structure is permissible under the zoning regulations. See Jobert v. Morant, supra,150 Conn. 585, 587; T. Tondro, supra, p. 157; R. Anderson, supra, § 6.46, pp. 584-85. R. Fuller, supra, § 52.3, p. 846-47. Thus, the court's analysis must turn to the applicable zoning regulations.
The pertinent Shelton zoning regulation provides:"Enlargement: No nonconforming use, building or structure shall be enlarged and no nonconforming use of land, buildings or otherstructures shall be extended to include any land, building or other structure, or portion thereof, which is not subject to such nonconformity. Any nonconforming use of a building or other structure, or portion thereof, however, may be extended to include any portion of the building or structure manifestly designed for such use." (Emphasis added.) Shelton Zoning Regs. § 41.2.
Section 41.2 expressly prohibits the enlargement of any nonconforming building or structure, or the extension of any building or structure to include any building or structure which is not subject to the nonconformity. The plaintiff in this case represented to the Board that it intended to create a new structure or building. This it cannot do under the regulations. See Jobert v. Morant, supra, 150 Conn. 585, 587; Hyatt v. ZoningBoard of Appeals, 163 Conn. 379, 383-84, 311 A.2d 77 (1972).
Notwithstanding, the plaintiff argues that the second sentence of § 41.2 expressly allows the plaintiff to enclose the patio, as the patio it is "manifestly designed" for the current nonconforming use. (Plaintiff's Memorandum of Law, pp. 5-6.) The plaintiff misconstrues the regulation. The regulation is clear that a nonconforming use, building or structure "may be extended to include any portion of the building or structure
manifestly designed for such use." (Emphasis added.) The regulation is referring to portions of a building or structure already in existence as a nonconformity, and not a newly built structure or building. "Where a use was established in part but not all of a building prior to the enactment of a restrictive ordinance, the right to continue the use may not include the right to extend it to other parts of the building. Many municipalities have adopted specific regulations permitting such CT Page 3332 expansion. . . ." R. Anderson, supra, § 6.48, p. 592. The Shelton zoning regulations have such an exception; the plaintiff's proposed construction of an enclosed patio, however, does not meet the exception.
"A reviewing court. . . cannot substitute its judgment as to the weight of the evidence for that of the [board]." (Citations omitted.) Whisper Wind Development Corp. v. Planning ZoningCommission, 32 Conn. App. 515, 523, 630 A.2d 108 (1993), aff'd,229 Conn. 176, 640 A.2d 100 (1994). "So long as it appears that an honest judgment has been reasonably and fairly exercised by the [board] after a full hearing, courts should be cautious about disturbing [the board's] decision." Id., quoting Cameo ParkHomes, Inc. v. Planning Zoning Commission, 150 Conn. 672, 677,192 A.2d 886 (1963). The Board's implicit reason for denial of the appeal is substantially supported by the record, and this court will not disturb that decision. Therefore, the court finds that the Board did not act unreasonably, arbitrarily, illegally or in an abuse of its discretion by denying the plaintiff's appeal. Smith v. Zoning Board of Appeals, supra, 227 Conn. 80.
 VII CONCLUSION
For the reasons set forth above, pursuant to General Statutes § 8-8 (1), the court affirms the actions of the Board. Accordingly, the court denies the plaintiff's appeal.[3]
SYLVESTER, J.