TIMOTHY P. TAFT ET AL. *v.* WHEELABRATOR
PUTNAM, INC., ET AL.
(AC 18064)

Foti, Hennessy and Dupont, Js.

Argued February 17—officially released October 19, 1999*

* Pursuant to the order of the Supreme Court dated December 26, 2000, the judgment of the Appellate Court dated October 19, 1999, was vacated and the plaintiffs' original appeal was dismissed for lack of aggrievement. See *Taft* v. *Wheelabrator Putnam, Inc.*, 255 Conn. 916, 763 A.2d 1044 (2000).

*Ernest J. Cotnoir,* for the appellants (plaintiffs).

*Charles L. Howard,* with whom were *Joseph P. Williams* and, on the brief, *John E. Wertam,* for the appellee (named defendant).

*William H. St. Onge,* for the appellee (defendant zoning commission of the town of Putnam).

*Opinion*

HENNESSY, J. The plaintiffs, Timothy P. Taft, Robert G. Viens, J. Robert Viens and Marguerite G. Viens, appeal from the judgment of the trial court rendered on the granting of motions to dismiss for lack of subject matter jurisdiction filed by the defendants, Wheelabrator Putnam, Inc. (Wheelabrator), and the zoning commission of the town of Putnam (commission). The plaintiffs claim that the court improperly determined that it lacked subject matter jurisdiction. The court determined that Special Acts 1997, No. 97-6, § 6 (c), cured any defect in the commission's notice of its decision and, therefore, the plaintiffs' action did not fall within any exception to the rule that an aggrieved party must appeal from an administrative agency decision rather than bring an independent action. We reverse the judgment of the trial court.

The plaintiffs' complaint, filed in September, 1997, alleged that the plaintiffs owned real estate adjoining a parcel leased by Wheelabrator. In August, 1996, Wheelabrator applied to the commission for a special use permit to construct and operate an ash landfill on the property. The plaintiffs alleged that the commission's notice of the public hearing incorrectly referred to Wheelabrator's property as lot 7 on assessor's map 20T even though that lot was not owned by the parties to this action. The commission, after holding the public

hearing, approved the special use permit on September 18, 1996. The plaintiffs further alleged that the commission's notice of decision, published on October 29, 1996, was published later than the fifteen days required by General Statutes § 8-3c (b) and incorrectly referred to the property as lot 7. The plaintiffs allege that the commission's granting of the permit adversely affected the value and the use and enjoyment of their property. The plaintiffs filed this action seeking (1) a declaratory judgment that the commission's decision granting the special permit was null and void because of the defects in the notice of the hearing and because of the untimely and defective publication of the decision and (2) to enjoin the defendants from erecting or operating the ash landfill.

Each defendant thereafter filed a motion to dismiss, claiming that the trial court lacked subject matter jurisdiction because § 6 (c) of Special Act 97-6 validated the commission's decision, regardless of the defects in notice and, therefore, the plaintiffs should have filed an administrative appeal rather than an independent action. The plaintiffs objected, arguing that the validating act goes to the merits of the action rather than to the court's jurisdiction to hear the case. The trial court granted the defendants' motions, concluding that it lacked subject matter jurisdiction because Special Act 97-6 cured the defective notice and, therefore, the plaintiffs should have brought an administrative appeal rather than a declaratory judgment action.

On appeal, the plaintiffs claim that the trial court improperly granted the defendants' motions to dismiss for lack of subject matter jurisdiction. The plaintiffs argue that the validating act did not cure the defective notice because (1) the commission's failure to provide proper notice of the public hearing and the decision granting the special use permit rendered that decision null and void, (2) the defendant was required under § 6

(c) of Special Act 97-6 to provide proper notice, (3) the appeal period never was triggered, as required by § 6 (c) of Special Act 97-6, due to the improper notice and (4) the validating act could not cure defects "both as to timing and content in both the published notices of public hearing and decision."[1]

"The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." *Pamela B.* v. *Ment*, 244 Conn. 296, 308, 709 A.2d 1089 (1998). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . Because the exhaustion [of administrative remedies] doctrine implicates subject matter jurisdiction, [the court] must decide as a threshold matter whether that doctrine requires dismissal of the [plaintiffs'] claim." (Citations omitted; internal quotation marks omitted.) *Johnson* v. *Dept. of Public Health*, 48 Conn. App. 102, 107–108, 710 A.2d 176 (1998). "We first note that, because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *Lawrence Brunoli, Inc.* v. *Branford*, 247 Conn. 407, 410, 722 A.2d 271 (1999).

---

[1] The defendants argue that we should not review the plaintiffs' claims because they failed to preserve any of them for appeal. "Our rules of practice preclude us from considering claims of error unless they are distinctly raised at trial. See Practice Book § [60-5, formerly § 4061]. *Abdelsayed* v. *Narumanchi*, 39 Conn. App. 778, 785, 668 A.2d 378 (1995), cert. denied, 237 Conn. 915, 676 A.2d 397 (1996)." (Internal quotation marks omitted.) *Gill* v. *Diorio*, 51 Conn. App. 140, 147, 720 A.2d 526 (1998). Our review of the record, however, reveals that the plaintiffs opposed the defendants' claim that the trial court lacked subject matter jurisdiction over the action, which is sufficient to preserve their claims on appeal. Moreover, subject matter jurisdiction must be established and may be raised at any time, whether or not raised at trial.

General Statutes § 8-9 provides that "[a]ppeals from zoning commissions and planning and zoning commissions may be taken to the Superior Court and, upon certification for review, to the Appellate Court in the manner provided in section 8-8." "[W]here a statutory right of appeal from an administrative decision exists, an aggrieved party may not bypass the statutory procedure and instead bring an independent action to test the very issue which the appeal was designed to test." (Internal quotation marks omitted.) *LaCroix* v. *Board of Education*, 199 Conn. 70, 78, 505 A.2d 1233 (1986).

"Declaratory judgment proceedings are appropriate for determining the validity of the regulations of an administrative agency. . . . [D]eclaratory judgment proceedings are appropriate for determining jurisdictional issues or questions concerning the validity of the regulations of an administrative agency, while questions concerning the correctness of an agency's decision in a particular case or of the sufficiency of the evidence can properly be resolved only by appeal. . . . Cases in which an action for declaratory or injunctive relief can be maintained include those where an agency lacks jurisdiction due to defective notice, where statutory authority has been exceeded, or where the validity of a statute or ordinance is attacked." (Citations omitted; internal quotation marks omitted.) *Young* v. *Chase*, 18 Conn. App. 85, 91, 557 A.2d 134 (1989).

The plaintiffs claim that the trial court improperly dismissed their action for lack of subject matter jurisdiction. Specifically, the plaintiffs claim that § 6 (c) of Special Act 97-6 cannot cure the defects in notice because the commission's failure to provide timely and proper published notice rendered the commission's decision null and void, and the act could not validate an otherwise invalid action. We agree.

Section 6 (c) of Special Act 97-6 validates certain actions that otherwise would be valid except for certain

technical omissions and irregularities. Section 6 (c) of Special Act 97-6 provides in pertinent part: "Any and all actions taken by any planning commission, zoning commission, planning and zoning commission, zoning board of appeals . . . otherwise valid except that said planning commission, zoning commission, planning and zoning commission, zoning board of appeals . . . failed to comply with the requirement or requirements of any general or special law, ordinance or regulation governing the contents, giving, mailing, publishing, filing or recording of any notice, either of the hearing or of the action taken, is validated, provided no such action shall be validated if an appeal from such action is pending in any court or the time for taking such appeal has not expired as of the effective date of this act."

"In interpreting the act and its applicability provisions, we adopt a functional approach. The function of the statute is to cure defects in notice not attacked by timely court proceedings, and to allow parties challenging such defects by timely court action to continue the judicial process." *Young* v. *Chase,* supra, 18 Conn. App. 97–98. "The legislature has the power to cure, by retroactive enactment, a party's failure to comply with a procedural statutory requirement, provided that two conditions have been met. First, the legislative enactment must address a procedural requirement that the legislature had the right to alter prospectively. Second, the enactment's retroactive application must not operate in a manner that would unjustly abrogate vested rights." *Hartford* v. *Freedom of Information Commission,* 201 Conn. 421, 426, 518 A.2d 49 (1986).

We conclude that the trial court improperly dismissed the plaintiffs' action for lack of subject matter jurisdiction. "Failure to publish a notice of decision within the applicable time constraints renders the decision of a zoning commission void." *Cardoza* v. *Zoning Commission,* 211 Conn. 78, 81, 557 A.2d 545 (1989).

In *Akin* v. *Norwalk*, 163 Conn. 68, 301 A.2d 258 (1972), the defendant submitted to the planning commission of Norwalk an application for approval of a preliminary subdivision plan. The planning commission approved the subdivision plan and then referred it to the city's common council, which, acting in its capacity as the city's final planning authority, unanimously approved the subdivision on May 14, 1969, but did not publish notice of its decision until August 14, 1969, well beyond the ten day period prescribed for publishing notice pursuant to General Statutes § 8-28. Id., 72. On appeal, the plaintiffs argued that the common council's action in approving the subdivision plan was null and void because its notice was untimely. Id. Our Supreme Court agreed with the plaintiffs, concluding that timely publication of notice is a mandatory requirement under the statute that is "a matter of substance and of the essence of the thing to be accomplished, not a matter of mere procedure or convenience. Having failed to comply with this mandatory requirement within the allotted ten-day period, we hold the council's decision to be null and void." Id., 74.

The *Akin* court, in coming to its conclusion that the requirement of § 8-28 that an agency timely publish notice of its decision is a matter of substance, reasoned that failing to publish notice in a timely manner would negatively affect an aggrieved party's right to appeal. "A statute which requires notice of a decision of a commission to be published so that aggrieved persons may determine whether they should appeal, and which, in fact, authorizes [an] . . . appeal period to commence from the date of publication goes to the essence of the thing to be accomplished. Failure to publish notice of a decision would prevent the appeal period from running, thereby causing unwarranted and undesirable delay, results which we do not find the legislature could reasonably have intended. [A] statute . . .

fixing a rather brief time within which an appeal may be taken to the courts is designed not only to afford protection to an aggrieved person but also to secure, in the public interest, a speedy determination of the issues involved. . . . It would therefore be unreasonable to give [the statute] a meaning which would open the appeal process to delays flowing from any of the many factors which could cause a notice, seasonably given, to be long delayed in reaching the prospective appellant." (Internal quotation marks omitted.) Id., 73–74.

Similarly, in *Hyatt* v. *Zoning Board of Appeals*, 163 Conn. 379, 311 A.2d 77 (1972), the town's zoning board of appeals, on September 25, 1969, granted a variance but did not publish its decision until October 6, 1969, one day after the ten day period for timely publication had expired. Id., 387. The trial court sustained the plaintiff's appeal from the board's decision because the board, in granting the variance, acted illegally and arbitrarily. Id., 382. Our Supreme Court affirmed the trial court's decision and further concluded that under *Akin*, the trial court could have sustained the appeal on the alternative ground of untimely publication of notice of the board's decision because the ten day period of General Statutes §§ 8-7 and 8-8 had expired. Id., 386–88.

In the present case, we will adopt the reasoning of the *Akin* and *Hyatt* courts to conclude that the fifteen day publication of notice requirement of § 8-3c (b) is not a matter of procedure or convenience. It is substantive. The fifteen day appeal period commences on the date of publication. General Statutes § 8-8 (b). "The right of appeal, if it is to have any value, must necessarily contemplate that the person who is to exercise the right be given the opportunity of knowing that there is a decision to appeal from and of forming an opinion as to whether that decision presents an appealable issue."

(Internal quotation marks omitted.) *Keeney* v. *Old Saybrook*, 237 Conn. 135, 155–56, 676 A.2d 795 (1996). "Until the prospective appellant has either actual or constructive notice that a decision has been reached, the right of appeal is meaningless." (Internal quotation marks omitted.) *Bridgeport Bowl-O-Rama, Inc.* v. *Zoning Board of Appeals*, 195 Conn. 276, 281, 487 A.2d 559 (1985). The untimely published notice delayed the plaintiffs in the exercise of their right to appeal from the commission's decision, which is a result that the legislature certainly did not intend. The validating act is intended to cure the failure to comply with *procedural* statutory requirements, not *substantive* statutory requirements. Because the requirement that the commission timely publish notice is a matter of substance and not procedure, the legislature could not, through § 6 (c) of Special Act 97-6, validate the improper notice. Accordingly, we conclude that the trial court improperly dismissed the plaintiffs' complaint for lack of subject matter jurisdiction.

The trial court relied on our decision in *Young* v. *Chase*, supra, 18 Conn. App. 85, in dismissing the plaintiffs' action. In *Young*, the applicant obtained a special use permit from the local zoning authority for the construction and operation of a radio transmission tower. Id., 88. The plaintiffs failed to appeal from the granting of that permit, but later filed an independent action requesting declaratory and injunctive relief. Id., 86–87. The basis for the action was that the application and notice of decision failed to mention a parcel of land on which the tower would stand. Id., 86. After that action was filed, a validating act became effective. Id., 98. The defendants moved to dismiss the action on the basis of the passage of the validating act, which the trial court granted. Id., 87.

We reversed the trial court's decision, concluding that the language of the validating act rendered it inapplicable to matters already pending in court before the

effective date of the act. Id., 98. Because the plaintiffs commenced the action before the validating act's effective date, the defective notice remained uncured and the action could proceed. Id.

In the present case, however, the trial court dismissed the plaintiffs' action because the plaintiffs commenced the action on September 10, 1997, almost five months after the effective date of Special Act 97-6, which was April 18, 1997. The court concluded that once the validating act took effect, "the *irregularities regarding notice* ceased to invalidate the commission's decision. Because that decision was no longer void when the plaintiffs began this action, no exception to the rule barring such suits obtains. The failure of the plaintiffs to take an appeal as provided by § 8-8 (b) or to commence an independent action before the effective date of [the act] deprives this court of subject matter jurisdiction to adjudicate the merits of the plaintiffs' claims." (Emphasis added.)

In its memorandum of decision, however, the trial court inexplicably ignored the plaintiffs' claim that the commission's decision was published well after the fifteen day period contained in § 8-3c (b). Therefore, even if the validating act cured the commission's improper description of the property in the notice, the validating act could not cure the commission's failure to publish timely notice of its decision. Accordingly, we conclude that the commission's decision was null and void and could not have been validated by § 6 (c) of Special Act 97-6. The trial court, therefore, improperly dismissed the action for lack of subject matter jurisdiction. Because our conclusion is dispositive of this appeal, we need not address the plaintiffs' remaining claims.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.