Decided December 5, 2000

TIMOTHY P. TAFT ET AL. *v.* WHEELABRATOR
PUTNAM, INC., ET AL.
(SC 16241)
(SC 16242)

The motion of the named defendant, filed February 22, 2000, to dismiss the plaintiffs' appeal and to vacate the judgment of the Appellate Court; *Taft* v. *Wheelabrator Putnam, Inc.*, 55 Conn. App. 359, 742 A.2d 366 (1999); in which motion the defendant Putnam zoning commission joined, having been presented to the court, it is hereby ordered that the appeals are dismissed. The judgment of the Appellate Court is vacated and the appeals are remanded to that court with direction to dismiss the plaintiffs' original appeal for lack of aggrievement.

MCDONALD, C. J., dissenting. I dissent from the decision of the majority to vacate the judgment of the Appellate Court. *Taft* v. *Wheelabrator Putnam, Inc.*, 55 Conn. App. 359, 742 A.2d 366 (1999). I believe that the actions of the named defendant-appellant, Wheelabrator Putnam, Inc. (Wheelabrator), disentitle it to vacatur of that decision.

Vacatur is equitable relief, granted in those extraordinary cases in which the public interest would be served by that relief. " 'Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.' " *U.S. Bancorp Mortgage Co.* v. *Bonner Mall Partnership*, 513 U.S. 18, 26–27, 115 S. Ct. 386, 130 L. Ed. 2d 233 (1994).

The court must consider the actions of the parties in determining if vacatur is appropriate. The United States Supreme Court, in *U.S. Bancorp Mortgage Co.*, observed that the remedy of vacatur is not justified in cases in which the moving party causes mootness through its own voluntary actions, save under exceptional circumstances. The court stated: "The denial of vacatur is merely one application of the principle that [a] suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks." (Internal quotation marks omitted.) Id., 25.

In this case, Wheelabrator sought certification to appeal from the Appellate Court and, after its petition was granted; *Taft* v. *Wheelabrator Putnam, Inc.*, 252 Conn. 918, 744 A.2d 439 (2000); moved for dismissal of the plaintiffs' appeal to the Appellate Court and for vacatur of the Appellate Court decision. We thereafter remanded the case back to the trial court to determine whether the plaintiffs still had actual aggrievement. The trial court found that the plaintiffs were not aggrieved

at the time of the Appellate Court's judgment, since Wheelabrator had entered into a settlement with the plaintiffs before the Appellate Court's decision was released. The Appellate Court's decision was released in October, 1999. The settlement between the parties had been reached in March, 1999. Wheelabrator's motion to dismiss the plaintiffs' appeal and to vacate the judgment of the Appellate Court, the first time the settlement was revealed, was filed in February, 2000.

These circumstances present a classic example of when vacatur is not appropriate. Wheelabrator did not bring the settlement to the attention of the Appellate Court, thereby requiring that court to decide the issues, perhaps in Wheelabrator's favor. Having lost, Wheelabrator now seeks to vacate the decision. We should not order vacatur of that decision rendered without knowledge of circumstances created by Wheelabrator and kept from the Appellate Court by Wheelabrator. Respect for the Appellate Court, I believe, requires that this case be remanded to that court and dismissed as moot and that the motion for vacatur be denied.

SULLIVAN, J., did not participate in the consideration or decision of this motion.

*Sheila A. Huddleston* and *Joseph P. Williams*, in support of the motion.

*Ernest J. Cotnoir*, in opposition.

Decided December 26, 2000