STATE OF CONNECTICUT *v.* KEVIN M. BOYLE
(SC 17966)

Rogers, C. J., and Norcott, Vertefeuille, Zarella and Schaller, Js.

Argued April 17—officially released July 1, 2008

*Timothy J. Sugrue*, senior assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Louis Luba, Jr.*, senior assistant state's attorney, for the appellant (state).

*Martin Zeldis*, public defender, for the appellee (defendant).

ROGERS, C. J. In this certified appeal, the state claims that the Appellate Court improperly reversed the judgment of the trial court, which modified the conditions of the defendant's probation to include sex offender evaluation and treatment as deemed necessary by the office of adult probation.[1] The state claims that the Appellate Court improperly concluded that sex offender evaluation and treatment is not reasonably related to the rehabilitation of the defendant, Kevin M. Boyle, under General Statutes § 53a-30 (a) (17).[2] *State v. Boyle,* 102 Conn. App. 507, 518–19, 925 A.2d 1172 (2007). During the pendency of the certified appeal, however, the defendant successfully completed the probationary period imposed by the trial court and, accordingly, was discharged from probation unconditionally. The state concedes that, because the defendant has been discharged from probation, the certified appeal is moot. Nonetheless, the state requests that we vacate the judgment of the Appellate Court because it is likely to spawn legal consequences. We agree and, accordingly, dismiss the certified appeal as moot and vacate the judgment of the Appellate Court.

The opinion of the Appellate Court sets forth the following relevant facts and procedural history. "On August 24, 2005, the defendant was charged with operating a motor vehicle while under the influence

---

[1] We granted the state's petition for certification to appeal limited to the following issue: "Whether the Appellate Court correctly determined that the trial court abused its discretion when it modified the conditions of the defendant's probation to include sex offender evaluation and possibly treatment?" *State v. Boyle,* 284 Conn. 908, 931 A.2d 266 (2007).

[2] General Statutes § 53a-30 provides in relevant part: "(a) When imposing sentence of probation or conditional discharge, the court may, as a condition of the sentence, order that the defendant . . . (17) satisfy any other conditions reasonably related to the defendant's rehabilitation. The court shall cause a copy of any such order to be delivered to the defendant and to the probation officer, if any. . . ."

of intoxicating liquor or drugs in violation of General Statutes § 14-227a and failure to drive in the proper lane in violation of General Statutes § 14-236. The defendant entered into a plea agreement and pleaded guilty to the charge of operating a motor vehicle while under the influence of intoxicating liquor or drugs. On April 5, 2006, pursuant to the plea agreement, the court sentenced the defendant to six months incarceration, execution suspended after thirty days, with eighteen months probation. The court also imposed conditions of probation that the defendant (1) participate in substance abuse evaluation, as well as testing, treatment or both, (2) participate in a victim impact panel, (3) not operate a motor vehicle without a valid driver's license, registration or insurance and (4) participate in 150 hours of community service to be completed within the first fifteen months of his probation period.

"The defendant was released from incarceration and began serving probation on May 4, 2006. On July 28, 2006, the office of adult probation filed a motion seeking modification of the conditions of the defendant's release. Specifically, the probation officer assigned to the case requested that the defendant be required to review, sign and abide by all sexual offender conditions of probation to include sexual offender evaluation and any recommended treatment, polygraph examinations and Abel screens, which are specialized tests to determine a person's sexual interest in children, as deemed necessary by the office of adult probation. The request was based on the probation officer's discovery that the defendant had a 1997 conviction of sexual assault in the fourth degree stemming from an incident that occurred in 1995, that the defendant was listed on the state's sex offender registry and that a parole board evaluation conducted in 2001 rated the defendant's recidivism-sexual offense relapse risk as high and his dangerousness-severity of risk as severe.

"At the hearing on the request to modify the conditions of probation and to impose the sexual offender condition, the probation officer testified that his basis for making the request was the policy of the office of adult probation to do so out of an abundance of caution where the probationer had a prior sexual offense conviction and was still on the sex offender registry. The probation officer referred to no behavior on the part of the defendant during his probation that gave rise to this requested modification. The probation officer testified, however, that because the use of alcohol was a factor in the defendant's past crimes, he believed it was necessary to make the recommendation in case the defendant started drinking again. In response to the court's inquiry as to how the condition of sexual offender evaluation was reasonably related to the defendant's current rehabilitation, the probation officer stated that he did not believe that it was so much related to his rehabilitation as much as it [was] to his supervision and the safety to the community as a probation department. The probation officer acknowledged that the defendant's conviction of operating a motor vehicle while under the influence of intoxicating liquor or drugs had no sexual component, that he had no present indication that the defendant was using or abusing alcohol and that the defendant was enrolled in a substance abuse program in accordance with the terms of his probation.

"In response, the defendant argued that if specific problems with alcohol arose in the future, the conditions imposed at sentencing relating to alcohol use were sufficient to address any such issue. The defendant further argued that the conditions regarding sexual offender treatment were completely unrelated to the charge of operating a motor vehicle while under the influence of intoxicating liquor or drugs for which he is currently on probation. Additionally, the defendant

contended that there was nothing to indicate any probability that he would commit a sexual offense while on probation, especially because it had been more than ten years since he had been convicted of the sexual assault charge and at least five years since he had been under supervision by the department of correction or office of adult probation.

"On August 7, 2006, the court granted the motion for modification and imposed a condition of probation requiring the defendant to review, sign and abide by all sexual offender conditions of probation, including sexual offender evaluation and any recommended treatment, polygraph examination and Abel screens as deemed necessary. In its memorandum of decision, the court stated that *State* v. *Pieger*, 240 Conn. 639, 692 A.2d 1273 (1997), required the condition of probation to be reasonably related to the purposes of probation. Quoting broad language from *Pieger*, the court determined that any condition could be imposed if it would help serve the defendant's reformation. The court noted that the probation officer testified that alcohol was a common denominator in the defendant's criminal history and, in particular, that it fueled the conduct which resulted in his sexual assault conviction. The court concluded that the sexual offender condition was reasonably necessary to rehabilitate the defendant and reasonably necessary to protect prospective victims." (Internal quotation marks omitted.) *State* v. *Boyle*, supra, 102 Conn. App. 508–11.

The defendant appealed from the judgment of the trial court to the Appellate Court, claiming that "the additional condition requiring him to participate in sexual offender evaluation, treatment or both [was] improper because it [was] not related to his rehabilitation for the crime to which he pleaded guilty and for which he is currently serving probation." Id., 511. The Appellate Court, in a divided opinion, agreed with the

defendant, concluding that, although the trial court has broad statutory "authority and flexibility to impose [probationary] conditions to reach the desired ends of rehabilitating the probationer . . . [t]he court's authority . . . is not unbridled. In the exercise of its discretion, the court's imposition of a condition must reasonably relate to the purposes of probation." (Citation omitted.) Id., 513; see General Statutes § 53a-30 (a) (17). The Appellate Court concluded that, "in order for a condition of probation to be 'reasonably related to the defendant's rehabilitation' pursuant to § 53a-30 (a) (17), there must be a nexus between the condition of probation and the charge for which the defendant is serving probation." *State* v. *Boyle*, supra, 102 Conn. App. 517–18. Because the defendant had pleaded guilty to operating a motor vehicle while under the influence of intoxicating liquor or drugs in violation of § 14-227a, and because there was no sexual component to the manner in which the defendant had committed the offense, the Appellate Court concluded that, "there [was] no logical nexus between the added condition of probation and the underlying offense of which [the defendant] was convicted." Id., 518. Accordingly, the Appellate Court reversed the judgment of the trial court. Id., 519.

Judge Lavine dissented from the majority opinion, concluding that, "[i]n this case, numerous factors supported the concern of the probation officer, and the ruling of the court, that sex offender evaluation, and possibly treatment, were warranted. They include (1) the defendant's status as a registered sex offender until 2009, (2) the 2001 sex offender evaluation, (3) the history of 'alcohol fueled conduct' testified about by [the probation officer], including the fact that the defendant's 1997 conviction of sexual assault in the fourth degree was alcohol related, (4) [the probation officer's] conversations with the defendant, which confirmed, in

[the probation officer's] judgment, the link between alcohol and criminal conduct, (5) the April 5, 2006 conviction of operating a motor vehicle while under the influence of intoxicating liquor or drugs in violation of . . . § 14-227a. The defendant's alcohol fueled conduct, in the context of all the facts in this case, provides the necessary factual nexus between the proposed condition of probation and preserving public safety." Id., 528–29. This certified appeal followed.

During the pendency of the certified appeal, however, the defendant successfully completed the period of probation imposed by the trial court and, consequently, was discharged from probation. Thereafter, the defendant moved this court to dismiss the certified appeal as moot, claiming that "[b]ecause the defendant's period of probation has expired, there is no controversy for this [c]ourt to resolve and no practical relief that it can afford [to] either the state or the defendant on this appeal." The state opposed the defendant's motion. The state agreed that, because the defendant had been discharged from probation, the certified appeal was moot and must be dismissed, but the state claimed that the judgment of the Appellate Court should be vacated in accordance with *State* v. *Singleton*, 274 Conn. 426, 439–42, 876 A.2d 1 (2005). We marked off the defendant's motion to dismiss, and ordered the parties "to address the issue of vacatur at the oral argument on the merits."

Because mootness implicates the subject matter jurisdiction of this court, we first address whether the defendant's successful completion of the probationary period imposed by the trial court renders the certified appeal moot. "Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [this] court's subject matter jurisdiction . . . . We begin with the four part test for justiciability established in *State* v. *Nardini*, 187 Conn. 109, 445 A.2d 304 (1982). . . . Because courts are established

to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Citation omitted; internal quotation marks omitted.) *State* v. *Preston*, 286 Conn. 367, 373–74, 944 A.2d 276 (2008).

"[A]n actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) Id., 374.

We conclude that the certified appeal is moot because no practical relief can be afforded to the state. The defendant successfully completed the eighteen month probationary period imposed by the trial court and, consequently, was discharged from probation unconditionally. Because the defendant has been discharged from probation, the conditions of his probation no longer are subject to modification or enlargement under § 53a-30 (c). See General Statutes § 53a-30 (c) ("[a]t *any time during the period of probation* or conditional discharge, after hearing and for good cause shown, *the court may modify or enlarge the conditions*, whether originally imposed by the court under this section or otherwise, and may extend the period, provided the original period with any extensions shall not exceed the periods authorized by section 53a-29" [emphasis added]); see also *State* v. *Welwood*, 258 Conn. 425, 435, 780 A.2d 924 (2001) (trial court lacks subject matter jurisdiction to impose conditions of probation beyond

maximum statutory term of probation). Accordingly, we conclude that no practical relief can be afforded to the state and, therefore, dismiss the certified appeal as moot.[3]

We next address the state's contention that the judgment of the Appellate Court should be vacated because

[3] We recognize that "an otherwise moot question may qualify for review under the capable of repetition, yet evading review exception [to the mootness doctrine]. To do so, however, it must meet three requirements. First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot." (Internal quotation marks omitted.) *Sweeney* v. *Sweeney*, 271 Conn. 193, 201–202, 856 A.2d 997 (2004). The basis for the first requirement "derives from the nature of the exception. If an action or its effects is not of inherently limited duration, the action can be reviewed the next time it arises, when it will present an ongoing live controversy. Moreover, if the question presented is not strongly likely to become moot in the substantial majority of cases in which it arises, the urgency of deciding the pending case is significantly reduced. Thus, there is no reason to reach out to decide the issue as between parties who, by hypothesis, no longer have any present interest in the outcome." *Loisel* v. *Rowe*, 233 Conn. 370, 383–84, 660 A.2d 323 (1995).

Under our statutory scheme, the length of the probationary period that the trial court may impose varies greatly according to the severity of the crime of which the defendant has been convicted. See General Statutes § 53a-29 (d) ("[t]he period of probation or conditional discharge, unless terminated sooner as provided in section 53a-32 or 53a-33, shall be as follows: [1] For a felony, except as provided in subsection [e] of this section, not more than five years; [2] for a class A misdemeanor, not more than three years; [3] for a class B misdemeanor, not more than two years; [4] for a class C misdemeanor, not more than one year; and [5] for an unclassified misdemeanor, not more than one year if the authorized sentence of imprisonment is three months or less, or not more than two years if the authorized sentence of imprisonment is in excess of three months, or where the defendant is charged with failure to provide subsistence for dependents, a determinate or indeterminate period"); General Statutes § 53a-29 (e) ("[t]he period of probation, unless terminated sooner as provided in section 53a-32, shall be not less than ten years or more than thirty-five years for conviction of a violation of subdivision [2] of subsection [a] of section 53-21 or section

it is likely to spawn legal consequences. "Our law of vacatur is scanty and has been developed [almost] entirely in the context of civil litigation. See *In re Candace H.*, 259 Conn. 523, 526–27, 790 A.2d 1164 (2002) (respondent mother of minor child in custody of department of children and families appealed to Appellate Court from denial of motion for visitation with child; Appellate Court reversed in part; while certified appeal of department of children and families pending in this court, respondent voluntarily relinquished parental rights [with respect] to child; certified appeal dismissed as moot, and Appellate Court judgment vacated because public interest served, so as to prevent judgment, unreviewable because of mootness, from spawning legal consequences); *In re Jessica M.*, 250 Conn. 747, 748–49, 738 A.2d 1087 (1999) (trial court dismissed petition of commissioner of children and families for termination of parental rights; Appellate Court affirmed; while certified appeal of commissioner of children and families pending in this court, trial court granted commissioner's subsequent petition for termination, which was not appealed; certified appeal dismissed as moot, and judgment of Appellate Court vacated based on established federal practice that, when appeal rendered moot through no fault of parties, motion to vacate judgment under appeal granted); *Commissioner of Motor Vehicles* v. *DeMilo & Co.*, 233 Conn. 254, 269–71, 659 A.2d 148 (1995) (relationship between vacatur and res judicata

---

53a-70, 53a-70a, 53a-70b, 53a-71, 53a-72a, 53a-72b, 53a-90a, 53a-196b, 53a-196c, 53a-196d, 53a-196e or 53a-196f"). Because a criminal defendant may face a probationary period that varies in length from a few months to a maximum of thirty-five years for certain specified statutory offenses, we cannot conclude that probationary periods, by their very nature, are "of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about [their] validity will become moot before appellate litigation can be concluded." (Internal quotation marks omitted.) *Sweeney* v. *Sweeney*, supra, 271 Conn. 202. Accordingly, a trial court order modifying the conditions of a defendant's probation does not fall within the capable of repetition yet evading review exception to the mootness doctrine.

where appeal dismissed as moot); see also *Taft* v. *Wheelabrator Putnam, Inc.*, 255 Conn. 916, 917–18, 763 A.2d 1044 (2000) (*McDonald, C. J.*, dissenting) (court must consider actions of parties in determining if vacatur appropriate)." *State* v. *Singleton,* supra, 274 Conn. 439–40. In *Singleton,* we did not attempt "to formulate any overall set of guidelines for vacatur of judgments of the Appellate Court in criminal cases . . . [but we were guided by] the general proposition that vacatur is appropriate when it is in the public interest to prevent a judgment, otherwise unreviewable because of mootness, from spawning legal consequences." Id., 440.

"In determining whether to vacate a judgment that is unreviewable because of mootness, the principal issue is whether the party seeking relief from [that] judgment . . . caused the mootness by voluntary action. . . . A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment. . . . The same is true when mootness results from unilateral action of the party who prevailed below. . . .

"Nevertheless, our law of vacatur, though scanty . . . recognizes that [j]udicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur. . . . Thus, [i]t is the [appellant's] burden, as the party seeking relief from the status quo of the appellate judgment, to demonstrate . . . equitable entitlement to the extraordinary remedy of vacatur." (Citations omitted; internal quotation marks omitted.) *Private Healthcare Systems, Inc.* v. *Torres,* 278 Conn. 291, 303, 898 A.2d 768 (2006).

We conclude that vacatur of the Appellate Court judgment is appropriate under the circumstances of the

present case. First, the certified appeal has been rendered moot through no fault of the state but, rather, through the natural expiration of the defendant's eighteen month probationary period during the pendency of appellate proceedings. Second, the Appellate Court's judgment will spawn legal consequences because trial courts will be required to apply the Appellate Court's narrow construction of § 53a-30 (a) (17) to future cases wherein the office of adult probation seeks to modify the conditions of a defendant's probation. Cf. *United States* v. *Tolla*, 781 F.2d 29, 34 (2d Cir. 1986) (probationary condition prohibiting defendant from teaching young children reasonably related to defendant's rehabilitation, even though defendant convicted of crime of income tax evasion, because "the cultivation of truth and honesty . . . is an important rehabilitative goal" and denying defendant satisfaction of teaching will serve as "potent but not unreasonable" deterrent); *State* v. *Solomon*, 107 Haw. 117, 131, 111 P.3d 12 (2005) (trial court did not abuse discretion by imposing sex offender evaluation and treatment as condition of defendant's probation, even though defendant was not convicted of sex offense, in light of defendant's "history, the circumstances of [his] case, and the seriousness of the offense"); *State* v. *Valin*, 724 N.W.2d 440, 447–48 (Iowa 2006) (although "a defendant's history, as opposed to the defendant's present conviction, may form the basis for conditions of probation . . . [t]he reasonableness of sex abuse treatment as a condition of probation for an unrelated crime of conviction must be supplied by the individual facts or evidence in each case"). In light of the important public interests served by probation, namely, the rehabilitation of criminal defendants and the protection of public safety; see *State* v. *Smith*, 207 Conn. 152, 165, 540 A.2d 679 (1988); we conclude that vacatur of the Appellate Court's judgment is appropriate. We therefore vacate the judgment of the Appellate Court to "[eliminate] a judgment, review of which

was prevented through happenstance" and to "[clear] the path for future relitigation of the issues . . . ." (Internal quotation marks omitted.) *U.S. Bancorp Mortgage Co.* v. *Bonner Mall Parternship,* 513 U.S. 18, 22–23, 115 S. Ct. 386, 130 L. Ed. 2d 233 (1994).

The appeal is dismissed and the judgment of the Appellate Court is vacated.

In this opinion the other justices concurred.