******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

WENDY V.*
*v.* LUIS SANTIAGO
(SC 19502)
(SC 19514)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and Robinson, Js.

*Argued September 15—officially released November 10, 2015*

*Linda Allard*, with whom were *Giovanna Shay* and, on the brief, *Enelsa Diaz*, for the appellant (plaintiff).

*Seth J. S. Conant* and *Alexander J. Cuda* filed a brief for the Connecticut Bar Association as amicus curiae.

*Opinion*

ROGERS, C. J. This certified public interest appeal raises the question of whether a trial court is required to hold a hearing after the filing of an application for a restraining order pursuant to General Statutes § 46b-15.[1] The trial court declined to order hearings on two such applications filed by the plaintiff, Wendy V. The plaintiff claims that the trial court improperly declined to hold hearings after she filed her applications because § 46b-15 (b) provides that the court "shall" hold a hearing within fourteen days upon receipt of the application. Because we conclude that the plaintiff's claim is moot, we must dismiss the appeals for lack of subject matter jurisdiction.

The following facts and procedural background are relevant to the plaintiff's claim. On June 8, 2015, the plaintiff filed the ex parte restraining order application at issue in the present case against the defendant, Luis Santiago.[2] The trial court denied the plaintiff's application as well as her request for a full hearing on that application. On June 16, 2015, the plaintiff, with the aid of counsel, filed a motion for reconsideration of the denial of the hearing on the application, however, the court denied the motion. On June 19, 2015, the plaintiff filed a second application for a restraining order. The court denied this application without a hearing as well.

Subsequently, the plaintiff filed both an appeal with the Appellate Court and an application for certification to appeal pursuant to General Statues § 52-265a[3] with this court, claiming that she was entitled to a hearing under § 46b-15. On June 26, 2015, upon the granting of her § 52-265a application,[4] this court directed the trial court to prepare and file a memorandum of decision explaining why it had denied the plaintiff's applications without first holding a hearing.[5] The order granting certification was later revised to advise the plaintiff that oral argument remained scheduled for July 7, 2015; see footnote 4 of this opinion; unless the trial court scheduled a hearing pursuant to § 46b-15 (b) to take place on or before that date. The trial court then held a hearing on the applications on July 7, 2015, at which the applications were denied. Thereafter, on July 22, 2015, this court ordered the parties to address in their briefs whether the plaintiff's appeals were moot.[6]

On appeal, the plaintiff contends that her claim is not moot based on the "capable of repetition, yet evading review" exception to the mootness doctrine and that the trial court was required to hold a hearing on the applications based on the plain language of § 46b-15 (b). We conclude that the fact that the trial court has held a hearing on the plaintiff's applications has rendered the plaintiff's appeals moot.

Mootness is a question of justiciability that must be determined as a threshold matter because it implicates

this court's subject matter jurisdiction. *State* v. *Boyle*, 287 Conn. 478, 485, 949 A.2d 460 (2008). "[A]n actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) Id., 486. "In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." (Internal quotation marks omitted.) *In re Jorden R.*, 293 Conn. 539, 556, 979 A.2d 469 (2009).

The appeals here are moot because no practical relief can be afforded to the plaintiff. Simply put, the relief the plaintiff is requesting is a hearing and she has already received that hearing. The plaintiff, however, claims that in the context of family violence restraining orders, the issue of the denial of an application without a hearing falls within an exception to the mootness doctrine because it is capable of repetition, yet evading review. See *State* v. *Boyle*, supra, 287 Conn. 487 n.3 ("an otherwise moot question may *qualify* for [appellate] review under the capable of repetition, yet evading review exception [to the mootness doctrine]" [emphasis added; internal quotation marks omitted]); see also *Loisel* v. *Rowe*, 233 Conn. 370, 378–87, 660 A.2d 323 (1995) (mootness doctrine and capable of repetition, yet evading review exception, discussed). We disagree that the exception is applicable here.

To qualify under the capable of repetition, yet evading review exception, three requirements must be met. "First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot." (Internal quotation marks omitted.) *State* v. *Boyle*, supra, 287 Conn. 487 n.3, quoting *Sweeney* v. *Sweeney*, 271 Conn. 193, 201–202, 856 A.2d 997 (2004).

The first requirement of the foregoing test "reflects the functionally insurmountable time constraints present in certain types of disputes. . . . Paradigmatic examples are abortion cases and other medical treatment disputes." (Internal quotation marks omitted.) *In re Emma F.*, 315 Conn. 414, 425, 107 A.3d 947 (2015). "The basis for the first requirement derives from the

nature of the exception. If an action or its effects is not of inherently limited duration, the action can be reviewed the next time it arises, when it will present an ongoing live controversy. Moreover, if the question presented is not strongly likely to become moot in the substantial majority of cases in which it arises, the urgency of deciding the pending case is significantly reduced. Thus, there is no reason to reach out to decide the issue as between parties who, by hypothesis, no longer have any present interest in the outcome." (Internal quotation marks omitted.) *State* v. *Boyle*, supra, 287 Conn. 487 n.3, quoting *Loisel* v. *Rowe*, supra, 233 Conn. 383–84.

The plaintiff's case fails to meet the first prong and, therefore, does not fall within the capable of repetition, yet evading review exception. The effect of the challenged action, namely, the denial of a hearing after an application under § 46b-15, is not, by its very nature, of limited duration. Rather, the effects of a denied hearing generally will persist indefinitely.[7] Therefore, in cases in which a hearing is denied, the case would not become moot before appellate litigation that ensues can be concluded. Anomalously, this case became moot only because the trial court ultimately *did* provide the hearing that the plaintiff had requested.[8] Accordingly, because the question presented will not evade review, the first requirement is not met and the case does not fall within the capable of repetition, yet evading review exception.

Because we conclude that there is no practical relief we can afford the plaintiff and this case does not meet the capable of repetition, yet evading review exception to the mootness doctrine, we dismiss the appeals for lack of subject matter jurisdiction.

The appeals are dismissed.

In this opinion the other justices concurred.

* In accordance with our policy of protecting the privacy interest of the applicant for a protective order, we decline to identify the applicant or others through whom the applicant's identity may be ascertained.

[1] General Statutes § 46b-15 provides in relevant part: "(a) Any family or household member, as defined in section 46b-38a, who has been subjected to a continuous threat of present physical pain or physical injury, stalking or a pattern of threatening, including, but not limited to, a pattern of threatening, as described in section 53a-62, by another family or household member may make an application to the Superior Court for relief under this section.

"(b) The application form shall allow the applicant, at the applicant's option, to indicate whether the respondent holds a permit to carry a pistol or revolver or possesses one or more firearms or ammunition. The application shall be accompanied by an affidavit made under oath which includes a brief statement of the conditions from which relief is sought. *Upon receipt of the application the court shall order that a hearing on the application be held not later than fourteen days from the date of the order.* The court, in its discretion, may make such orders as it deems appropriate for the protection of the applicant and such dependent children or other persons as the court sees fit. . . ." (Emphasis added.)

[2] Approximately one year earlier, on June 30, 2014, the plaintiff received ex parte relief on her application for a restraining order, but after a hearing on July 10, 2014, the court denied the application. She then sought relief in an August 4, 2014 application for a restraining order and she was granted ex parte relief, but after a full hearing on August 14, 2014, her application

was again denied. On September 4, 2014, she filed a third application for a restraining order and was granted ex parte relief, however, her request to include her children in the ex parte relief was denied, and a hearing was set for September 18, 2014. Finally, on September 11, 2014, the plaintiff filed another application for a restraining order, which included her children as protected persons. This application was denied and the matter was consolidated for a hearing on September 18, 2014. On September 18, 2014, the plaintiff's September 4, 2014 restraining order application was granted, effective until December 19, 2014, her September 11, 2014 application was dismissed, and the court left in place the parties' agreement permitting the defendant to have access to the children and allowed the parties to communicate via text messaging. The June 8, 2015 application in the present case contained essentially the same claims included in the plaintiff's 2014 applications, with one significant exception. The plaintiff included information she received from a family services counselor stating that the defendant had made some comments during a private interview regarding safety issues that the counselor considered important enough to disclose to the plaintiff.

[3] General Statutes § 52-265a provides in relevant part: "(a) Notwithstanding the provisions of sections 52-264 and 52-265, any party to an action who is aggrieved by an order or decision of the Superior Court in an action which involves a matter of substantial public interest and in which delay may work a substantial injustice, may appeal under this section from the order or decision to the Supreme Court within two weeks from the date of the issuance of the order or decision. The appeal shall state the question of law on which it is based.

"(b) The Chief Justice shall, within one week of receipt of the appeal, rule whether the issue involves a substantial public interest and whether delay may work a substantial injustice. . . ."

[4] Because Chief Justice Rogers was unavailable at the time, Justice Robinson, the next most senior associate justice available, considered and granted the plaintiff's application in Docket No. SC 19502. See Practice Book § 83-4. The parties were ordered to file briefs by July 2, 2015, and oral argument was scheduled for July 7, 2015.

[5] On August 4, 2015, the trial court provided a memorandum of decision explaining its reasons for denying the applications without a hearing. The memorandum detailed the numerous applications the plaintiff previously had submitted before the denials at issue here.

[6] On July 22, 2015, pursuant to Practice Book § 65-1, this court transferred the appeal to the Appellate Court to itself and assigned it Docket No. SC 19514. On July 31, 2015, pursuant to Practice Book § 61-7, this court granted the plaintiff's motion to consolidate Docket No. SC 19514 with Docket No. SC 19502, the certified public interest appeal.

Additionally, on July 23, 2015, we requested that the Family Law Section of the Connecticut Bar Association submit an amicus brief. The Connecticut Bar Association thereafter submitted a brief in support, in part, of the position advocated by the plaintiff.

[7] The plaintiff cites *Kennedy* v. *Putnam*, 97 Conn. App. 815, 820, 905 A.2d 1280 (2006), for the proposition that the denial of a hearing is, by its very nature, of limited duration. In that case, the Appellate Court reasoned that because "[a] temporary restraining order, by its very nature, is of limited duration and subject to expiration prior [to the conclusion of] any appellate litigation that ensues," it follows that the validity of a denial of an application also is of limited duration. Id. Unlike the effect of an order granting a restraining order, however, which generally expires after one year, the effect of the denial of such an order continues indefinitely. See General Statutes § 46b-15 (f) ("[n]o order of the court shall exceed one year, except that an order may be extended by the court upon motion of the applicant for such additional time as the court deems necessary"). For this reason, we disagree with the Appellate Court's analysis and note that it was dicta that did not impact the court's final determination.

Additionally, the fact that the hearing must occur within fourteen days of the receipt of the application does not impact our analysis, as the amicus curiae in the present case suggests it should. Although a plaintiff is denied an immediate hearing, the effects of the denial of a hearing continue after the fourteen day period.

[8] Given the clear statutory directive that a hearing "shall" occur, we are perplexed as to why the trial court did not allow a hearing and do not consider the reasons provided by the court persuasive. "Definitive words, such as must or shall, ordinarily express legislative mandates of nondirectory nature." (Internal quotation marks omitted.) *Butts* v. *Bysiewicz*, 298 Conn.

665, 676, 5 A.3d 932 (2010). In addition, we note that within § 46b-15 (b) the legislature chose to use the words "shall" and "may," which indicates their awareness of the difference in their ordinary meanings. See *Lostritto* v. *Community Action Agency of New Haven, Inc.*, 269 Conn. 10, 20, 848 A.2d 418 (2004) ("[t]herefore, when the legislature opts to use the words 'shall' and 'may' in the same statute, they 'must then be assumed to have been used with discrimination and a full awareness of the difference in their ordinary meanings' "). Moreover, we note that in contrast General Statutes § 46b-16a (b) provides that "if the allegations set forth in the affidavit meet the requirements" of subsection (a) of that statute, then the trial court shall schedule a hearing. There is currently no such limiting language in § 46b-15 (b); see footnote 1 of this opinion; and it would be the role of the legislature to make such a change.

——————————————————