******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# SHAWN HENNING *v.* STATE OF CONNECTICUT
## (SC 20139)

Robinson, C. J., and Palmer, McDonald, D'Auria,
Mullins, Kahn and Ecker, Js.*

*Syllabus*

The petitioner, who had been convicted of felony murder in connection with the stabbing death of the victim, filed a petition for a new trial based on a claim of newly discovered DNA and other evidence. Thereafter, the petitioner's case was consolidated with the petitioner's closely related habeas action. The habeas court denied the petition for a new trial, and the petitioner appealed, claiming, inter alia, that the habeas court incorrectly determined that the newly discovered DNA evidence did not warrant a new trial. *Held* that this court having determined in *Henning* v. *Commissioner of Correction* (334 Conn. 1), which addressed the petitioner's appeal from the denial of his habeas petition, that the petitioner is entitled to a writ of habeas corpus granting him a new trial insofar as the state deprived him of a fair trial by failing to correct certain incorrect trial testimony, the petitioner's appeal from the denial of his petition for a new trial was rendered moot, and, accordingly, the appeal was dismissed.

Argued October 12, 2018—officially released June 14, 2019**

*Procedural History*

Petition for a new trial after the petitioner's conviction of felony murder, and for other relief, brought to the Superior Court in the judicial district of Litchfield, where the case was transferred to the judicial district of Tolland and tried to the court, *Sferrazza, J.*; judgment denying the petition, from which the petitioner, on the granting of certification, appealed. *Appeal dismissed.*

*W. James Cousins*, with whom, on the brief, was *Craig A. Raabe*, for the appellant (petitioner).

*Jo Anne Sulik*, supervisory assistant state's attorney, with whom, on the brief, was *David S. Shepack*, state's attorney, for the appellee (state).

*Opinion*

PALMER, J. In 1989, the petitioner, Shawn Henning, was convicted of felony murder for the 1985 slaying of Everett Carr during the course of an apparent burglary of Carr's New Milford home. The petitioner was sentenced to a term of imprisonment of fifty years, and, following his appeal, this court upheld his conviction. See *State* v. *Henning*, 220 Conn. 417, 431, 599 A.2d 1065 (1991). Thereafter, in 2015, the petitioner filed a petition for a new trial; see General Statutes § 52-270 (a);[1] on the basis of newly discovered DNA and other evidence.[2] Subsequently, the trial court, *Pickard*, *J.*, granted the petitioner's motion to transfer the case to the judicial district of Tolland, where it was consolidated with his previously filed petition for a writ of habeas corpus and the closely related new trial and habeas petitions of Ralph Birch, who, at a separate trial, was also convicted of felony murder in connection with Carr's death. The habeas court, *Sferrazza*, *J.*, rejected all of the claims advanced in the four petitions, and the petitioner and Birch filed separate appeals with the Appellate Court. We thereafter transferred the appeals to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-2.

On appeal from the denial of his petition for a new trial, the petitioner claims that the habeas court incorrectly determined that the newly discovered DNA evidence does not warrant a new trial. The petitioner further claims that, in determining whether he should be awarded a new trial under § 52-270 (a), he is entitled to consideration of the original trial evidence together with *all* exculpatory evidence, including evidence that would not otherwise provide a basis for a petition for a new trial because it was not discovered by the petitioner until after the three year limitation period for filing such a petition had expired. See General Statutes § 52-582 (a) ("[n]o petition for a new trial in any civil or criminal proceeding shall be brought but within three years next after the rendition of the judgment or decree complained of, except that a petition for a new trial in a criminal proceeding based on DNA . . . evidence or other newly discovered [forensic] evidence . . . that was not discoverable or available at the time of the original trial or at the time of any previous petition under this section, may be brought at any time after the discovery or availability of such new evidence"). In support of this contention, the petitioner claims that the three year limitation period of § 52-582 (a) simply does not apply to a petition, like the present one, in which there is newly discovered DNA evidence because, the petitioner argues, the three year limitation period having been deemed inapplicable to newly discovered DNA evidence, that limitation period is also inapplicable to all other evidence that was not available at the time of trial.

In a separate opinion issued today, we have concluded, contrary to the determination of the habeas court, that the petitioner is entitled to a writ of habeas corpus granting him a new trial because the state deprived him of a fair trial in violation of *Brady* v. *Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and its progeny by failing to correct certain incorrect trial testimony of the then director of the state police forensic laboratory, Henry C. Lee. See *Henning* v. *Commissioner of Correction*, 334 Conn. 1, 33, A.3d     (2019). Because our decision in that case awarding the petitioner a new trial renders moot the petitioner's appeal from the denial of his petition for a new trial, we must dismiss the present appeal. See, e.g., *State* v. *Boyle*, 287 Conn. 478, 486–87, 949 A.2d 460 (2008) (appeal is moot, and therefore must be dismissed, when, because of events occurring during pendency of appeal, appellate court cannot afford any practical relief to appellant).

The appeal is dismissed.

In this opinion the other justices concurred.

* This case originally was scheduled to be argued before a panel of this court consisting of Chief Justice Robinson and Justices Palmer, McDonald, D'Auria, Mullins, Kahn and Ecker. Although Chief Justice Robinson was not present when the case was argued before the court, he has read the briefs and appendices, and listened to a recording of the oral argument prior to participating in this decision.

** June 14, 2019, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] General Statutes § 52-270 (a) provides in relevant part: "The Superior Court may grant a new trial of any action that may come before it, for . . . the discovery of new evidence . . . ."

[2] In addition to the newly discovered DNA evidence, the petitioner relied on the following evidence in support of a new trial: (1) his discovery that the police recovered $1000 in cash at the crime scene, thereby refuting the state's theory at the petitioner's criminal trial that Carr was murdered during the commission of a botched burglary; (2) Timothy Saathoff's recantation of his criminal trial testimony that the petitioner confessed to being present at the victim's home on the night of the murder; and (3) the testimony of John Andrews, the former boyfriend of the victim's daughter, Diana Columbo, that Columbo had confessed to him that she was the person responsible for the victim's murder.