******************************************************

    The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

    All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

    The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# RALPH BIRCH *v.* STATE OF CONNECTICUT
## (SC 20138)

Robinson, C. J., and Palmer, McDonald, D'Auria,
Mullins, Kahn and Ecker, Js.*

*Syllabus*

The petitioner, who had been convicted of felony murder in connection
with the stabbing death of the victim, filed a petition for a new trial based
on a claim of newly discovered DNA and other evidence. Thereafter, the
petitioner's case was consolidated with the petitioner's closely related
habeas action. The habeas court denied the petition for a new trial,
and the petitioner appealed, claiming, inter alia, that the habeas court
incorrectly determined that the newly discovered DNA evidence did not
warrant a new trial. *Held* that this court having determined in *Birch*
v. *Commissioner of Correction* (334 Conn. 37), which addressed the
petitioner's appeal from the denial of his habeas petition, that the peti-
tioner is entitled to a writ of habeas corpus granting him a new trial
insofar as the state deprived him of a fair trial by failing to correct
certain incorrect trial testimony, the petitioner's appeal from the denial
of his petition for a new trial was rendered moot, and, accordingly, the
appeal was dismissed.

Argued October 12, 2018—officially released June 14, 2019**

*Procedural History*

Petition for a new trial after the petitioner's convic-
tion of felony murder, and for other relief, brought to
the Superior Court in the judicial district of Litchfield,
where the case was transferred to the judicial district
of Tolland and tried to the court, *Sferrazza, J.*; judg-
ment denying the petition, from which the petitioner,
on the granting of certification, appealed. *Appeal dis-
missed.*

*Andrew P. O'Shea*, for the appellant (petitioner).

*Jo Anne Sulik*, supervisory assistant state's attorney,
with whom, on the brief, was *David S. Shepack*, state's
attorney, for the appellee (state).

*Opinion*

PALMER, J. On December 2, 1985, sixty-five year old Everett Carr was found dead in his New Milford home, the victim of multiple stab wounds and blunt force trauma to the head. The petitioner, Ralph Birch, and Shawn Henning were arrested and charged in connection with Carr's murder, and, following separate trials, both were convicted of felony murder. The petitioner received a sentence of fifty five years imprisonment, and, on appeal, this court upheld his conviction.[1] *State* v. *Birch*, 219 Conn. 743, 751, 594 A.2d 972 (1991). In 2015, the petitioner filed a petition for a new trial; see General Statutes § 52-270 (a);[2] on the basis of newly discovered DNA and other evidence.[3] Subsequently, the trial court, *Pickard, J.*, granted the petitioner's motion to transfer the case to the judicial district of Tolland, where it was consolidated with his previously filed petition for a writ of habeas corpus and the closely related new trial and habeas petitions of Henning. The habeas court, *Sferrazza, J.*, rejected all of the claims advanced in the four petitions, and the petitioner and Henning filed separate appeals with the Appellate Court. We thereafter transferred the appeals to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-2.

On appeal from the denial of his petition for a new trial, the petitioner claims that the habeas court incorrectly determined that the newly discovered DNA evidence does not warrant a new trial. The petitioner further claims that this court, in determining whether a new trial is likely to result in a different outcome, should consider the original trial evidence together with *all* exculpatory evidence, even evidence that would not otherwise support a petition for a new trial because it was discovered by the petitioner after the three year limitation period for filing such a petition had expired. See General Statutes § 52-582 (a) ("[n]o petition for a new trial in any civil or criminal proceeding shall be brought but within three years next after the rendition of the judgment or decree complained of, except that a petition for a new trial in a criminal proceeding based on DNA . . . evidence or other newly discovered [forensic] evidence . . . that was not discoverable or available at the time of the original trial or at the time of any previous petition under this section, may be brought at any time after the discovery or availability of such new evidence"). In support of this contention, the petitioner asserts that the three year limitation period of § 52-582 (a) does not apply to a case, like the present one, in which there is newly discovered DNA evidence because, according to the petitioner, that limitation period, having been deemed inapplicable to newly discovered DNA evidence, also is inapplicable to any other evidence that was unavailable at the time of trial.

In a separate opinion issued today, we have concluded, contrary to the determination of the habeas court, that the petitioner is entitled to a writ of habeas corpus granting him a new trial because the state deprived him of a fair trial in violation of *Brady* v. *Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and its progeny by failing to correct certain incorrect trial testimony of the then director of the state police forensic laboratory, Henry C. Lee. See *Birch* v. *Commissioner of Correction*, 334 Conn. 37, 69,      A.3d      (2019). Because our decision in that case awarding the petitioner a new trial renders moot the petitioner's appeal from the denial of his petition for a new trial, we must dismiss the present appeal. See, e.g., *State* v. *Boyle*, 287 Conn. 478, 486–87, 949 A.2d 460 (2008) (appeal is moot, and therefore must be dismissed, when, because of intervening events during pendency of appeal, appellate court cannot afford appellant any practical relief).

The appeal is dismissed.

In this opinion the other justices concurred.

\* This case originally was scheduled to be argued before a panel of this court consisting of Chief Justice Robinson and Justices Palmer, McDonald, D'Auria, Mullins, Kahn and Ecker. Although Chief Justice Robinson was not present when the case was argued before the court, he has read the briefs and appendices, and listened to a recording of the oral argument prior to participating in this decision.

\*\* June 14, 2019, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] We also affirmed the conviction of Henning, who was sentenced to a prison term of fifty years. See *State* v. *Henning*, 220 Conn. 417, 418, 431, 599 A.2d 1065 (1991).

[2] General Statutes § 52-270 (a) provides in relevant part: "The Superior Court may grant a new trial of any action that may come before it, for the discovery of new evidence  . . . ."

[3] In addition to the newly discovered DNA evidence, the petitioner relied on the following evidence in support of a new trial: (1) his discovery that the police had recovered $1000 in cash and jewelry worth approximately $10,000 from the crime scene, thereby refuting the state's theory at the petitioner's criminal trial that the victim was murdered as part of a botched burglary; (2) Todd Cocchia's recantation of his criminal trial testimony that the petitioner had confessed to murdering the victim and the testimony of Cocchia's mother corroborating Cocchia's recantation; (3) the testimony of four close associates of Robert Perugini that Perugini told them, contrary to his criminal trial testimony, that the petitioner never confessed to murdering the victim; and (4) the testimony of John Andrews, the former boyfriend of the victim's daughter, Diana Columbo, that Columbo had confessed to him that she was the person responsible for the victim's murder.