******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOHN L. THORNTON ET AL. *v.* BRADLEY
JACOBS ET AL.

BRADLEY JACOBS ET AL. *v.* JOHN L.
THORNTON ET AL.
(SC 20457)

Robinson, C. J., and McDonald, D'Auria,
Mullins, Kahn and Ecker, Js.

*Syllabus*

The plaintiffs served a subpoena on the defendant L in Connecticut to depose
her in connection with an action the plaintiffs were litigating in Florida
against a company owned by L, after a Florida court ruled that it lacked
jurisdiction to subpoena L, who resided primarily in Connecticut. L filed
a motion to quash the Connecticut subpoena, which the trial court
denied, and L appealed to the Appellate Court. The plaintiffs then filed
a motion to dismiss the appeal, which L opposed, and the Appellate
Court dismissed L's appeal as frivolous. After the Appellate Court's
dismissal of L's appeal but before this court granted L's petition for
certification to appeal, the plaintiffs served L with a subpoena in Florida
while L was visiting that state and withdrew, without prejudice, the
Connecticut subpoena. On appeal from the Appellate Court's dismissal
of L's appeal, *held* that, because the plaintiffs' withdrawal of their Con-
necticut subpoena rendered L's appeal to this court moot, that appeal
was dismissed, and, because L was thereby prevented from challenging,
before this court, the Appellate Court's dismissal of her appeal as frivo-
lous, the Appellate Court's judgment was vacated; the plaintiffs, having
unilaterally withdrawn the Connecticut subpoena, prevented L, through
no fault of her own, from challenging the Appellate Court's adverse
determination, and the plaintiffs, after having received favorable rulings
from the Appellate Court and the trial court, should not have been
able to moot L's appeal to this court to prevent the possibility of an
unfavorable decision.

Argued February 19—officially released July 2, 2021*

*Procedural History*

Motion, in the first case, to enforce compliance with
subpoenas for video depositions duces tecum, brought
to the Superior Court in the judicial district of Stamford-
Norwalk, and motion, in the second case, to quash sub-
poenas and for a protective order, brought to the Supe-
rior Court in the judicial district of New Haven and
transferred to the judicial district of Stamford-Norwalk,
where the court, *Hon. Kenneth B. Povodator*, judge trial
referee, granted in part the motion in the first case and
denied in part the motion in the second case, and the
defendant Lamia Jacobs in the first case and plaintiff
in the second case appealed to the Appellate Court,
which dismissed the appeal; thereafter, the defendant
Lamia Jacobs in the first case and plaintiff in the second
case, on the granting of certification, appealed to this
court. *Appeal dismissed*; *judgment vacated*.

*Tadhg Dooley*, with whom were *Jeffrey R. Babbin*
and, on the brief, *James I. Glasser*, for the appellant
(defendant Lamia Jacobs in the first case, plaintiff in
the second case).

*James J. McGuire*, pro hac vice, with whom were

*Daniel J. Krisch* and, on the brief, *Joshua M. Auxier*, for the appellees (plaintiffs in the first case, defendants in the second case).

*Opinion*

PER CURIAM. This appeal stems from an underlying action being litigated in Florida by the plaintiffs in the present case, John L. Thornton and Margaret B. Thornton. The parties to the Florida action are the plaintiffs in the present case, who are the defendants and counterclaimants in the Florida action, and 100 Emerald Beach, LC, which is the plaintiff and counterclaim defendant in the Florida action. Lamia Jacobs, the defendant in the present case, is the sole owner of 100 Emerald Beach, LC, but is not named individually as a party in the Florida case. Jacobs and her husband, Bradley Jacobs, reside primarily in Connecticut. The Florida trial court ruled that it lacked personal jurisdiction to subpoena the defendant and Bradley Jacobs but granted the plaintiffs permission to seek to subpoena them in Connecticut. The plaintiffs served a subpoena to depose the defendant in Connecticut, and she filed a motion to quash in the Superior Court in Stamford, objecting to the subpoena.[1] She argued that the plaintiffs, instead of issuing a subpoena to her, should instead subpoena 100 Emerald Beach, LC, in order to obtain the information being sought. The trial court, *Hon. Kenneth B. Povodator*, judge trial referee, denied the motion to quash, and the defendant filed a timely appeal with the Appellate Court.

The plaintiffs moved in the Appellate Court for permission to file a late motion to dismiss, arguing that the appeal was frivolous. The defendant opposed the motion. The Appellate Court granted the motion to file an untimely motion to dismiss and, thereafter, without issuing an opinion, dismissed the appeal. The defendant filed a petition for certification to appeal to this court, which we granted on the following issue: "Did the Appellate Court properly dismiss, as frivolous, the appeal of a nonparty witness from the trial court's order enforcing a subpoena for an out-of-state lawsuit?" *Thornton* v. *Jacobs*, 334 Conn. 929, 224 A.3d 538 (2020). After we granted certification, the plaintiffs withdrew the subpoena they had sought to enforce against the defendant in Connecticut. In light of this withdrawal, we now dismiss this certified appeal as moot and vacate the judgment of the Appellate Court dismissing the defendant's appeal.

The following further facts and procedural background, which are based in part on the parties' postargument filings with this court, inform our resolution of this appeal. In December, 2019, after the Appellate Court had dismissed the defendant's appeal but before we granted her petition for certification, the plaintiffs succeeded in serving her with a subpoena while she was visiting Florida.[2] On June 17, 2020, after this court granted certification to appeal but before the parties filed any briefs with this court, the plaintiffs withdrew the Connecticut subpoena as to the defendant without prejudice.[3] We conclude that the plaintiffs' withdrawal

of their subpoena directed at the defendant renders this certified appeal moot. See *State* v. *Charlotte Hungerford Hospital*, 308 Conn. 140, 142, 60 A.3d 946 (2013) (defendant's appeal challenging trial court's order to comply with subpoena was rendered moot when plaintiff no longer sought to enforce subpoena after defendant settled underlying claim with third party); see also *In re Grand Jury Proceedings*, 574 F.2d 445, 446 (8th Cir. 1978) (holding that challenge to merits of court order directing party to comply with subpoena became moot when District Court granted issuing party's motion to withdraw subpoena); *United States* v. *DiScala*, Docket No. 14-cr-399 (ENV), 2018 WL 1187394, *1 n.6 (E.D.N.Y. March 6, 2018) ("The government moved to quash an earlier subpoena . . . [that the defendant] withdrew. As a result, the government's motion to quash that subpoena is denied as moot." (Citation omitted.)); *Cutsforth, Inc.* v. *Westinghouse Air Brake Technologies Corp.*, Docket No. 12-cv-1200 (SRN/LIB), 2017 WL 11486322, *8 (D. Minn. March 15, 2017) ("because the [c]ourt has deemed the subpoenas at issue withdrawn pursuant to [the] [p]laintiff's representations to the [c]ourt, [the nonparty's] [m]otion [to quash] is moot").

The plaintiffs argue that this appeal is not moot because (1) they might seek to reissue the Connecticut subpoena if they cannot obtain the information they want through the Florida subpoena, (2) they might want to move for sanctions against the defendant for having filed a frivolous appeal, and (3) the underlying judgments may have collateral consequences in regard to their subpoena against Bradley Jacobs, which has not been withdrawn.

In regard to the plaintiffs' argument that they may be unable to obtain all necessary information through the Florida subpoena, the plaintiffs' potential desire to reissue the Connecticut subpoena does not save this appeal from being moot. It is the plaintiffs' own unilateral actions that render this appeal moot; the defendant is not attempting to evade judicial review by her actions. See *Boisvert* v. *Gavis*, 332 Conn. 115, 139, 210 A.3d 1 (2019) (explaining that parties should not be able to evade judicial review by their unilateral, voluntary actions). Any need the plaintiffs might have to reissue the Connecticut subpoena is merely speculative at this point. See, e.g., *United States* v. *Garde*, 848 F.2d 1307, 1309–10 n.5 (D.C. Cir. 1988) (holding that appeal challenging order denying enforcement of subpoena was rendered moot when government was voluntarily provided certain information that satisfied relief it sought on appeal, and there were too many variables to determine whether government would seek another subpoena to procure related information).

Similarly, as to the plaintiffs' fear that dismissing this appeal will deprive them of the ability to seek sanctions against the defendant, that consequence—if it is one—

stems from their own action in withdrawing the Connecticut subpoena. The plaintiffs had their reasons for withdrawing that subpoena, which we do not question. But that action resulted in there no longer being a live case or controversy pending in this state regarding enforcement of a subpoena against the defendant in the Florida action, and we conclude that the plaintiffs' potential desire to seek sanctions does not save this appeal from dismissal on the ground of mootness.[4]

Finally, as to the deposition of Bradley Jacobs, the plaintiffs appear to argue that there remain collateral consequences stemming from the underlying judgments, thereby saving the appeal from mootness. See, e.g., *Putman* v. *Kennedy*, 279 Conn. 162, 169, 900 A.2d 1256 (2006) ("despite developments during the pendency of an appeal that would otherwise render a claim moot, the court may retain jurisdiction when a litigant shows that there is a reasonable possibility that prejudicial collateral consequences will occur" (internal quotation marks omitted)). But not only is Bradley Jacobs not part of this appeal, the trial court never ruled on the subpoena served on him. Thus, our holding does not prevent the plaintiffs from taking further steps to seek to depose Bradley Jacobs in Connecticut.

Having decided that the plaintiffs' withdrawal of the subpoena renders this appeal moot, we must determine whether vacatur of the underlying judgment is appropriate. We conclude that it is. This court previously has held that, when an appeal is dismissed as moot, the party who is unable to obtain judicial review "should not be barred from relitigating the factual and legal issues decided in rendering that judgment." *Commissioner of Motor Vehicles* v. *DeMilo & Co.*, 233 Conn. 254, 269, 659 A.2d 148 (1995). The party seeking vacatur must move for vacatur and has the burden "to demonstrate . . . equitable entitlement to the extraordinary remedy of vacatur." (Internal quotation marks omitted.) Id., 273.[5]

"Vacatur is commonly utilized . . . to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences. . . . In determining whether to vacate a judgment that is unreviewable because of mootness, the principal issue is whether the party seeking relief from [that] judgment . . . caused the mootness by voluntary action. . . . A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment. . . . The same is true when mootness results from unilateral action of the party who prevailed below. . . . Nevertheless, our law of vacatur, though scanty . . . recognizes that [j]udicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the

public interest would be served by a vacatur. . . . Thus, [i]t is the [appellant's] burden, as the party seeking relief from the status quo of the appellate judgment, to demonstrate . . . equitable entitlement to the extraordinary remedy of vacatur." (Citations omitted; internal quotation marks omitted.) *Private Healthcare Systems, Inc.* v. *Torres*, 278 Conn. 291, 303, 898 A.2d 768 (2006); see also *In re Emma F.*, 315 Conn. 414, 430–31, 107 A.3d 947 (2015); *State* v. *Boyle*, 287 Conn. 478, 485–89, 949 A.2d 460 (2008).

In the present case, the Appellate Court's judgment was adverse to the defendant—that court dismissed her appeal as frivolous. As a result of the plaintiffs having unilaterally withdrawn the subpoena, which we have determined rendered the defendant's appeal moot, the plaintiffs have prevented the defendant, through no fault of her own, from challenging the Appellate Court's dismissal of her appeal, which, in turn, had challenged the trial court's denial of her motion to quash. The defendant did not voluntarily forfeit her appeal, and, under our case law, the plaintiffs, after receiving favorable rulings from the lower courts, should not be able to moot the appeal to prevent the possibility of an unfavorable decision. Accordingly, we dismiss this appeal as moot and vacate the Appellate Court's judgment.

The appeal is dismissed and the judgment of the Appellate Court is vacated.

* July 2, 2021, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] The plaintiffs also served a subpoena to depose Bradley Jacobs in Connecticut. He filed a motion in the trial court to quash the subpoena, but the trial court did not rule on that motion.

[2] According to the parties' postargument filings, the defendant's deposition took place pursuant to the Florida subpoena on March 11, 2021, days after oral argument in this court. The parties report that there remains an unresolved dispute over whether her deposition should continue, including whether she should have to answer certain questions her counsel had instructed her not to answer on privilege grounds. The parties have filed papers in the Florida trial court seeking a ruling in connection with that dispute. These events have no impact on our determination to dismiss this appeal.

[3] The withdrawal pleading provides: "The plaintiffs/applicants John [L.] Thornton and Margaret [B.] Thornton hereby give notice, on this [seventeenth] day of June, 2020, that they are withdrawing without prejudice, and releasing the defendant/respondent Lamia Jacobs from complying with, the subpoena duces tecum, dated April 18, 2019, served upon her in the state of Connecticut on April 29, 2019, in the [above captioned] action. Said withdrawal without prejudice and release is not intended to, and does not, affect in any fashion any other subpoena(s) that the plaintiffs/applicants have caused to be served in Connecticut or elsewhere upon Lamia Jacobs or anyone else."

[4] We note that it is not clear from our case law or rules of practice whether, after the dismissal of an appeal for mootness, the plaintiffs may seek sanctions against the defendant for actions taken while the action or appeal was pending. See *Commissioner of Motor Vehicles* v. *DeMilo & Co.*, 233 Conn. 254, 269–70, 659 A.2d 148 (1995) (for underlying judgment that had become moot to have no collateral effect, judgment must be vacated); see also Practice Book §§ 85-2 (5) and 85-3.

[5] Although the defendant has not filed a formal motion to vacate, in postargument orders, this court asked the parties whether the appeal was moot and whether this court should order the underlying judgment vacated. The defendant has clearly communicated her position and requested that this court vacate the Appellate Court's judgment.